EASTERN DIST.
February, 1835.

ESCURIX
vs.
DABOVAL.

---

ESCURIX vs. DABOVAL.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT.

7L 575
49 1048
———
7 575
112 29

In an action for false imprisonment and damages, under a *ca. sa.*, which was quashed for having illegally issued, the defendant may show, in justification and mitigation of damages, by argument and reference to the decisions of the Supreme Court, that the judgment quashing the writ is erroneous, when at the trial such judgment has not become *res judicata.*

A judgment, quashing an execution, has not passed in *rem judicatem*, when the matter in dispute is sufficient to authorise an appeal, and when a year has not elapsed from the date of it, to the time of trial, when it is offered as evidence, to show the writ was properly quashed.

This is an action to recover damages, of the defendant, for false imprisonment of the plaintiff, under a writ of *capias ad satisfaciendum*, which was quashed, as having illegally issued. The defendant, in the present suit, obtained a judgment against the now plaintiff, for a sum of money, and levied his execution on certain property of the latter, which was afterwards claimed by the wife of the defendant in execution, in

virtue of her judgment and legal mortgage against the property of her husband, and the proceeds of the sale of the property were enjoined in the sheriff's hands.

The execution being returned *nulla bona*, and the defendant having removed to an adjoining parish, the plaintiff in execution, took out a *capias ad satisfaciendum*, directed to the parish where his debtor had removed. He was arrested and imprisoned for about twenty or thirty days, and obtained the prison limits, and finally had the writ of *ca. sa.* quashed. He then commenced the present suit for false imprisonment, claiming three thousand dollars in damages.

The defendant pleaded a general denial : denied false imprisonment, but that the plaintiff was legally arrested under legal process.

On the trial, the plaintiff offered in evidence the judgment quashing the writ of *ca. sa.* under which he had been imprisoned, to show, *first*, that such a judgment had been rendered ; *second*, that the writ under which he had been arrested and imprisoned, was decided to be illegal. The defendant's counsel objected to the evidence being received for any other purpose than that such judgment was rendered, (*rem ipsam.*) The court admitted it, to prove the illegality of the writ and arrest ; and refused to the defendant the privilege of arguing and reading to the jury the decisions of the Supreme Court, especially the case of *Whitman* vs. *Abat*, 7 *Martin, N. S.*, 162, to show the *ca. sa.* was legally issued, and that the judgment quashing it was illegal. The court refused it, upon the ground the judgment was *res judicata*, until appealed from, between the parties, so far as it established the fact of the writ having improperly issued. The defendant took his bill of exceptions.

The day of the trial was the 23d of October, 1834, and the judgment offered in evidence is dated the 29th of October, 1833.

The cause on the whole evidence, was submitted to a jury, who found for the plaintiff three thousand dollars in damages.

The defendant appealed from the judgment rendered thereon.

*A. Seghers*, for the plaintiff, insisted that the judgment quashing the writ of *ca. sa.* as illegal, was *res judicata* between the parties, on the day of trial, the 23d of October, 1834, no appeal having been taken. It could not be inquired into, and the judge *a quo* very properly refused to permit any argument to go to the jury, with the view to show it was erroneous. *Pothier Traite des Obligation, No. 3.*

2. On the matters of fact, when damages are to be assessed, the jury are the proper judges of the *quantum*, and the court will not disturb their verdict. 2 *La. Rep.,* 76.

*Nicholls*, for the defendant, contended that the arrest and imprisonment of the plaintiff was legal, and justified it on the ground that no property was to be found, as shown by the return on the *fieri facias.* 7 *Martin, N. S.* 162. *Ibid.,* 221. 8 *ibid.,* 315.

2. The sale of the property first seized, the proceeds being tied up by the wife's injunction, was no satisfaction of the execution and judgment. The defendant was not bound to await the result of a tedious law-suit before proceeding against the person of his debtor.

3. The court *a qua* erred, in permitting the judgment quashing the writ of *ca. sa.* to prove any thing else, than that such judgment was rendered, (*rem ipsam.*)

4. The defendant had the right to show, by the decisions of this court, that the writ of *ca. sa.* properly issued in a case provided by law. These decisions are the highest evidence of what the law is, coming from the tribunal of the last resort.

5. The judgment, quashing the writ, might put an end to the imprisonment, but cannot change the law. It is no evidence of the law, as it was still open to appeal.

6. Nothing short of payment could satisfy the judgment, or deprive the appellant of the right of using all the means afforded by law, to coerce it. 3 *Martin,* 331.

7. The damages are excessive. For error of judgment, in issuing the writ improvidently, and in the absence of proof of malice, the defendant should not be mulcted in vindictive damages.

*Martin, J.*, delivered the opinion of the court.

In this case, the defendant has appealed from a judgment rendered on a verdict, in an action of false imprisonment.

He had obtained a judgment against the present plaintiff, and caused execution to be levied on some property, but the wife of the debtor procured an injunction to stay the proceeds of the sale of the property seized, in the sheriff's hands, in order that it might be paid over to her in discharge of a judgment she had obtained against her husband. The judgment creditor took out an alias *fieri facias*, directed to the sheriff of another parish, and on the return of *nulla bona*, sued out a *ca. sa.*, on which the debtor was arrested and imprisoned about twenty days, when he succeeded in having the writ of *ca. sa.* quashed. He was then liberated. For this alleged illegal arrest and detention, an action for false imprisonment was instituted, and he recovered three thousand dollars in damages.

The present defendant seeks to reverse and annul this judgment, on the score of excessive damages, and because the court denied him leave to show, by argument, and the reading of several decisions of this court, that the inferior court had erred in its decision, quashing the writ of *ca. sa.* The refusal was asked on the ground that the judgment quashing the *ca. sa.* was *res judicata.*

The position of the plaintiff was supported, and reliance placed, on the authority of 2 *Pothier on Obligations, part 4, chap. 3, sec. 3, art. 1, No. 3.*

We thence learn that the Ordinance of Louis XIV. in 1667, has joined in the same article, judgments in the last resort, and others susceptible of appeal, but not yet appealed from.

The Louisiana Code, in the chapter on the signification of terms, No. 9, has given the definition of *res judicata. "Thing*

EASTERN DIST.
February, 1835.

ESCURIX
vs.
DABOVAL.

*adjudged,*" is said of that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not *lie,* or because the time fixed by law for the appeal is elapsed, or because it has been confirmed on the appeal.

In the present case, the matter in dispute is sufficient to authorize the appeal; and as one year had not elapsed between the quashing of the *ca. sa.,* and the trial which preceded the judgment appealed from, it follows that the time for appealing from the former one had not elapsed. It had not, consequently, passed in *rem judicatem.*

This takes from the appellee the only means of defence which he has urged before this court. We have, therefore, not examined whether a judgment, which has not yet become *res judicata,* may be incidentally examined between the same parties, in the court which has rendered it. This court being of opinion that the defendant ought to have been allowed, by argument and reference to decisions of the Supreme Court of the state, to show that he had reason to believe that in taking out the *ca. sa.,* he exercised a legitimate means for the securing of money tortiously withheld from him, if not in positive exculpation of his conduct, at least in mitigation of the damages claimed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, the verdict set aside, and the case remanded, with directions to the judge to proceed therein, and to allow the defendant, by argument and reference to decisions of this court, (if not positively to exculpate himself, on which we give no decision,) at least to mitigate the damages claimed; the plaintiff and appellee paying costs in this court.

In an action for false imprisonment and damages, under a *ca. sa.,* which was quashed for having illegally issued, the defendant may show, in justification and mitigation of damages, by argument and reference to the decisions of the Supreme Court, that the judgment quashing the writ is erroneous, when at the trial such judgment has not become *res judicata.*

A judgment, quashing an execution, has not passed in *rem judicatem,* when the matter in dispute is sufficient to authorise an appeal, and when a year has not elapsed from the date of it, to the time of trial, when it is offered as evidence, to show the writ was properly quashed.