FRANK TAYLOR *v.* SIMPSON, Sheriff, et al.

Where the sale of specific property alleged to have been seized under execution is informal, and there had in fact been no sign of the property, it was error in the court below in dissolving the injunction to allow special damages.

The curator *ad hoc* appointed to represent several defendants, is only entitled to the simple tax fee of ten dollars, unless he has made application on proof, to have the allowance increased in proportion to the services rendered.

APPEAL from the District Court of Caddo, *Cresswell,* J.

*Land & Winans,* for plaintiff and appellant. *R. Jones,* for defendant.

COLE, J. Some of the judgment creditors of one *Brooks,* caused a *fi. fa.* to issue against his property; plaintiff sued out an injunction, in which he represents that they had seized 1280 acres of land belonging to him, and within the Grappe reservation, and would proceed to sell the same, unless enjoined.

The Sheriff and said judgment creditors in their answer, expressly disclaim any seizure of the property claimed by plaintiff, and any advertisement of said land under the seizure made at the suit of *Daniels et als.* v. *J. Brooks,* and pray that the injunction be dismissed.

Plaintiff has failed to establish, as alleged in his petition, that his land was ever seized.

On the trial in the lower court, plaintiff took a bill of exceptions to the ruling of the Judge *a quo,* who refused to permit him to prove, by *Roland Jones,* that *Daniels,* one of the defendants, "claimed the land in controversy as the property of *Brooks,* and subject to the satisfaction of the judgment in the suit of *Daniels et als.* v. *Brooks,* and also that said witness had advised 'said *Daniels,* as his counsel, that said land was subject to be seized and sold under the *fi. fa.* issued in said judgment.

We think the Judge *a quo* did not err in deciding that the testimony offered was irrelevant and immaterial under the pleadings.

Plaintiff avers in his petition, that his land has been already seized and advertised for sale under the said writ of *fi. fa.;* and that the said *Daniels et als.* will proceed to sell under said writ, the said 1280 acres of land, as the property of the judgment debtor *Brooks,* unless enjoined from so doing, and he prays for a writ of injunction enjoining them from proceeding to sell said land under said *fi. fa.,* and for judgment declaring said seizure illegal and void, &c.

We are of opinion, that under the prayer of the petition, it was necessary to establish a seizure, and not the intention to seize.

The judgment of the lower court dissolved the injunction, dismissed the suit at plaintiffs' costs, and decreed that the defendant recover one hundred dollars for special damages proved, for counsel fees of defendant for defending the suit.

This judgment is erroneous in condemning plaintiff to pay one hundred dollars counsel fees as special damages.

The Acts of March 1, 1831 and March 29, 1833, allow special damages on the dissolution of an injunction, *only* when the execution of a judgment is enjoined, and not when, as in this case, the sale of specific property, which has not been seized, is exhibited by injunction.

*Roland Jones,* curator *ad hoc* for the absent defendants, *M. P. Robbins, W. S. Ashe, F. W. Risque, J. P. Brown, F. Brown,* and *A. J. De Rosset, Jr.,* has prayed in this court to have the judgment amended by allowing him a fee of ten dollars for defending each one of the six absent defendants aforesaid, making sixty dollars in all; and that the same be ordered to be taxed as a part of the costs of this suit, under the Act of the Legislature of 1857, p. 84, No. 108.

We interpret this Act to mean, that a fee of ten dollars is all that the curator or attorney *ad hoc* is entitled to, without respect to the number of defendants, unless he has made application and proof to the court, to have the amount increased in proportion to the services rendered.

The first section authorizes the appointment of curators *ad hoc,* and attorneys *ad hoc,* by the Clerks of the District Courts out of the parish of Orleans, when the Judge of the District is absent from the parish, to represent *absent defendants* in any case before the court; and section 2 provides, that attorneys thus appointed shall be entitled to the sum of ten dollars, as a fee, to be taxed as costs, which, upon application and proof to the court, may be increased in proportion to the services rendered.

It is, therefore, ordered, adjudged and decreed, that the part of the judgment which dissolves the injunction at plaintiff's costs be affirmed; that the part which condemns plaintiff to pay defendants one hundred dollars for special damages for council fees, be avoided and reversed. It is further ordered, adjudged and decreed, that the judgment be so amended, as to allow *Roland Jones* ten dollars, to be taxed as part of the costs of the lower court; and that plaintiff pay the costs of the lower court, and defendants and appellees pay those of appeal.