ELIZA JANE EAGAN AND HUSBAND *v.* JOHN M. BELL, Sheriff, et al.

The tacit mortgage of a minor for an unliquidated amount, upon property, opposes no legal impediment to the seizure and sale of such property, at the instance of a judgment creditor of the owner.

APPEAL from the Fourth District Court of New Orleans, *Price, J.*
    C. *Roselius* and *H. Dugué,* for plaintiff and appellant.    *Durant & Hornor,* for defendants.

MERRICK, C. J.    The opinion prepared by Mr. Justice Spofford before his resignation, is adopted as the opinion of the Court.    It is as follows, viz:

SPOFFORD, Ex J.    This injunction suit is properly a sequel to the case of *Graham v. Eagan.*

After execution was issued upon the judgment in that case and levied upon the property mortgaged to *Graham* by *Eliza Jane Eagan,* she as tutrix of her minor son sued out an injunction to stay the same, upon the ground that one-half the property thus mortgaged belonged really to said minor as heir of her former husband *Robert Gray,* who acquired it during the community between them; and that as to the other half which really belonged to her, the creditor was debarred from seizing it because it was affected in her hands by a tacit mortgage in favor of the said minor whose claims upon her were not yet liquidated.

The injunction was wholly dissolved upon exceptions which went to the sufficiency of the petition.

As to one-half the property admitted by the plaintiff to belong to her in her individual right as survivor in community, the judgment dissolving the injunction was manifestly right.    The minor's tacit mortgage for an unliquidated amount offered no legal impediment to a seizure and sale of the property at the instance of a judgment creditor of the owner.    C. P. 710 ; *McHugh* v. *Stewart,* 12 An. 361 ; *Holmes* v. *Hemken,* 6 Rob. 51.

But as to the half alleged to be owned by the minor *James Niblock Gray,* the case is different.    The district judge seems to have acted upon the impression that the plaintiffs in this cause were estopped from urging this as a ground of injunction, because the facts were known to them at the time a judgment was sought by *Graham* against *Mrs. Eagan* personally with privilege upon this property ; and not having been pleaded by her as a defence to that action, these facts formed no proper ground for injunction here.    That would be true were the parties really the same ; but in the other suit *Mrs. Eagan* appeared only in her personal capacity to defend her personal rights ; here she does not appear at all in her own rights, but the real plaintiff is the minor, acting through her as his legal representative ; and however disagreeable may be the spectacle of a party coming into court as the representative of a minor to impugn acts which she herself has done to the prejudice of her pupil's interest, we cannot on that account suffer such illegal injury to be consummated without an investigation of the facts ; the minor is not estopped by the apparent lack of good faith in the tutrix.

It is, therefore, ordered, that the judgment of the District Court be avoided and reversed ; and it is now ordered, adjudged and decreed, that the injunction sued out by the plaintiffs be dissolved as to one undivided half of the property seized, and described in the petition, and that the sheriff be authorized to proceed, to sell

EAGAN<br>v.<br>BELL.

the said undivided half according to law ; and it is further ordered and decreed, that as to the other undivided half of the said property, the injunction be provisionally reinstated, the exceptions to the petition being so far overruled ; and upon this branch of the case it is ordered that the cause be remanded for further proceedings and a trial according to law ; the costs of this appeal to be paid by the defendants and appellees, the costs in the court below and the damages to be reserved for future adjudication.