### BYRNE, VANCE & Co. *v.* WM. PRATHER—Same *v.* Same.

The written acknowledgment of an account places the claim on the footing of an ordinary personal debt, and subjects it to the prescription of ten years, as provided by Article 3508 C. C.

A judgment which has been appealed from cannot be pleaded as *res judicata* while the suit in which it was rendered is pending on appeal.

An exception of *lis pendens* made after a plea of *res judicata* has been overruled, and before a judgment by default has been rendered, should be considered as having been made in *limine litis*, and if well taken should be sustained.

APPEAL from the District Court of the Parish of Morehouse, *Richardson*, J. *Morrison & Purvis*, for plaintiffs and appellants. *D. C. Morgan*, for defendant.

LAND, J. These suits have been consolidated and tried together in this court, by consent of parties. The first named was commenced on an *acknowledged account*, in favor of *Byrne & Co.*, for the amount of three hundred and twenty-five dollars and fifty-four cents, to which defendant pleaded the prescription of three and five years, which was sustained, and judgment rendered against plaintiffs' demand.

The account sued on is that of a cotton factor against a planter, for plantation supplies, and was acknowledged in writing by the defendant to be correct, in the following form, to-wit :

"BASTROP, 16th May, 1853.

" I hereby acknowledge the above account for three hundred and twenty-five dollars and fifty-four cents to be correct. *Mrs. Nancy Woods*, of Bayou Rouge Prairie, agreed to pay the above by shipment of enough of her then growing crop to the address of *Messrs. J. B. Byrne & Co.* I hereby obligate myself to make *Mrs. Woods* pay the above account, and in case of her failing to do so,

will pay the same myself, together with eight per cent. per annum interest on the same, from 20th March, 1851.

(Signed)                                                WILLIAM PRATHER."

The account itself is made out against the defendant, and as appears above, was acknowledged on the 16th of May, A. D. 1853    Citation was served on the 20th of May, A. D. 1858, and the only question in this suit is, whether the prescription of three and five years pleaded is a bar to the action.

The prescription of five years is not made applicable, by Article 3505 of the Civil Code, to any class of accounts; and this court held, in the case of *Dixon, administrator*, v. *Lyons, tutrix*, that an acknowledged account was not an *open account*, and as such prescribed by the lapse of three years, under the Act of March 5th, 1852, p. 90, relative to prescription.   13 An., p. 160.

In the case of *Davis* v. *Houren*, 10 R., p. 403, it was likewise held, that the *written acknowledgement* of an account places the claim on the footing of an ordinary personal debt, and subjects it to the prescription of ten years, provided by Art. 3508 of the Civil Code.

It is, therefore, ordered, adjudged and decreed, that the judgment in the suit of *Byrne, Vance & Co.* v. *Wm. Prather*, No. 2618, be reversed; and it is now ordered, adjudged and decreed, that the plaintiffs do recover of the defendant the sum of three hundred and twenty-five dollars and 54 cents, with interest thereon at the rate of eight per cent. per annum, from the 20th of March, 1851, until paid, with costs in both courts.

The second named suit was commenced on the *written aknowledgment and promise* of the defendant to pay the account on which the first suit was instituted, and to this demand the defendant pleaded, first, the exception of *res judicata*, and afterwards, without objection, the plea of *lis pendens*.   The exceptions were both overruled.   The first named suit was pending on appeal, and the plea of *res judicata* was properly rejected.   *Escurir* v. *Daboval*, 7 La., p. 579 ; *Turnbull* v. *Cureton*, 9 M., p. 38 ; C. C. 3522, No. 9.

The evidence shows that the name of *Vance* had been used through error in the first suit and that the real plaintiffs, in interest, in both demands, were *Byrne & Co.;* and as the exception of *lis pendens* was filed *without objection*, although after the plea of *res judicata* had been overruled, *but before the case had been defaulted*, and, therefore, *in limine litis*, it should have been sustained.   C. P. Art. 333.

It is, therefore, ordered, adjudged and decreed, that the judgment in the suit of *Byrne & Co.* v. *Wm. Prather*, No. 2,734, be reversed, and that said suit be dismissed, at plaintiffs' costs in both courts.