Cochran vs. Violet et al.

## No. 9393.

### ROBERT L. COCHRAN VS. MRS. E. A. VIOLET ET AL.

37   221
45  1462
37   221
51  1167

Judgments obtained against a tutor, during the minority of his ward, for moneys received are not money judgment which can be prescribed against by the lapse of ten years.

They are *prima facie* proof of indebtedness, in any settlement between tutor and minor, after emancipation or majority.

If not thus used within the *four* years which follow emancipation or majority, they cease to produce any effect.

They cannot serve as a foundation for an hypothecary action, and the inscription of them in the mortgage office must be erased.

APPEAL from the Ninth District Court, Parish of Tensas.
        *Dagg*, J.

*Wade R. Young* for Plaintiff and Appellant.

*Percy Roberts* and *Steele & Garrett* for Defendants and Appellees.

The opinion of the Court was delivered by

BERMUDEZ, C. J.    This is an action to enforce a legal mortgage said to have been judicially recognized.

The plaintiff charges that his mother, the main defendant herein, who was his father's executrix and his tutrix, rendered, during his minority, in his former capacity, an account of her administration, wherein she acknowledged herself indebted to him and to his two minor brothers in the sum of $59,783.25, and that the account was homologated in 1867; that his under-tutor subsequently obtained two judgments against his tutrix, in favor of himself and brothers; *one* on May 16, 1867, for $48,343.12½, with interest and a recognition of their legal mortgage, which was recorded on October 17, 1869; *another* on April 30, 1869 for $7,664.97, with like interest and recognition, recorded on October 2, 1869, his share therein being $18,669.33    :

The suit is brought against the late tutrix and the two brothers who have become of age.    The prayer is that the legal mortgage in his favor, recognized by the judgment, be enforced on the real estate of the tutrix, described in the petition.

The answer of Mrs. Cochran who, in 1881, became Mrs. Violet, charges that the judgments are nullities, because obtained by the under-tutor who had no capacity to stand in judgment; that they are prescribed by the lapse of *ten* years which have gone by since they were rendered, the same not having been revived; that the inscriptions thereof are perempted by the same period of time; that they are not executory and cannot form the basis of the present action; that the right of ac-

tion of plaintiff in this case is barred by the prescription of *four* years. The answer concludes with a prayer that the judgment be rendered expressly annulling those judgments.

The two co-heirs, made defendants, have joined in these defenses, and, reconvening, prayed eventually for an equal participation in the proceeds of the judgments and mortgages, in case their validity was declared.

There was judgment rejecting plaintiff's demand, on the ground that there had been no liquidation of the accounts of Mrs. Violet as tutrix and no valid judgment had been rendered fixing the indebtedness of said tutrix to her minors, and that the right of action was barred by the prescription of *four* years. The judgment reserved to plaintiff any right of action he may have against Mrs. Violet, on account of property received in her capacity as widow in community, and dismisses the reconventional demand as in case of *non suit*.

The plaintiff appeals and the defendants answering, pray an amendment to the effect that the judgments declared upon be expressly annulled, that the inscriptions thereof may be cancelled.

The facts are not disputed; conceding for the purposes of this case that the judgments are not nullities, as the under-tutor had a right to stand in court to provoke them, two questions present themselves for solution. V. Gaillard's case, 15 Ann.

1.  Whether the judgments are prescribed and the inscriptions thereof perempted.

2.  Whether the suit brought on them is barred by the prescription of *four* years.

It is clear that if the judgments could be considered as money judgments within the meaning of the Act of 1853, now Article R. C. C. 3547, they would not be prescribed, and this for two reasons, *first* that prescription could not run during the minority against the minors and in favor of their tutrix; *second*, that prescription could begin to run only from the time of plaintiffs majority Oct. 23, 1875, and that, at the date of the bringing of this suit, June 14, 1884, the ten years had not expired. 30 Ann. 676.

The truth is, that those judgments are judgments which are not absolutely final and which cannot constitute *res judicata*. They are likened, to a certain extent, to judgments homologating accounts of tutorship rendered during the minority of the wards. They belong to that class of judgments which subsequently occurring events may justify the court which rendered them, to modify or even revoke them, by

reason of its *continuing* jurisdiction over the subject matter. They are conclusive neither on minors, nor on tutors, and may undergo, in proper cases, material changes. The very law, R. C. C. 356, which provides for the rendition and homologation of such accounts, prescribes that the judgment homologating shall only be *prima facie* evidence of the correctness of the account homologated, in any settlement which may afterwards be made with the minor, and therefore restricts and regulates their effect to such settlements only. They are judgments which cannot serve as a basis for executory process, or for a seizure and sale. 30 Ann. 1089; 31 Ann. 220, 713; 32 Ann. 1245; 34 Ann. 28, 170, 1148; 35 Ann 322; 29 Ann. 256, 531, 722; 12 Ann. 361; 32 Ann. 459; 13 Ann. 464; 28 Ann. 824.

They are entitled to the same weight, nothing more, nothing less, as a voluntary acknowledgment of indebtedness made by the tutrix at the time; as the judgment would be, that is obtained by a creditor in a succession in process of liquidation where the administrator has declined recognition of the claim. The judicial acknowledgment is simply a substitute for that refused, and can serve no better in the enforcement of the claim than a voluntary admission of the same made by the tutrix at the time could have done.

Such judgments are *prima facie* evidence, to claim a place on the account to be subsequently presented, if one had not been allowed thereon.

The prescription which extinguishes money judgments does not apply to such judgments which have a conditional existence only.

They may cease to have effect, according as they are subsequently modified by the judgment of the court which rendered them, in the settlement between the minor and the tutor at the termination of the tutorship. They are *prima facie* evidences of indebtedness, when used in such settlement, within the delay prescribed by law, within which the minor may demand an account of tutorship from his tutor, on his attaining the age of majority. R. C. C. 362. If not so used, they forever perish.

## II.

These considerations lead to an examination of the second question submitted.

Whether the present action is barred by the prescription of *four* years, under Article R. C. C. 362, which reads: "The action of the minor against his tutor respective of the acts of the tutorship is prescribed by *four* years from the day of his majority."

It is clear that, although this action has not the appearance of one for the rendition of an account respecting the *acts* of the tutorship, it is in reality such a suit.

The plaintiff relies upon judgments rendered during his minority, against his tutrix for money which she had received for his account from the succession of his father.

The act of receiving this inheritance is an *act* of tutorship, for which the tutrix could have been held responsible in an action instituted against her within the *four* years which followed the date of plaintiff's majority. Nothing shows that such suit was brought.

The delay having elapsed, without such action having been instituted, there arises a presumption "*juris et de jure*," that the account was rendered to the minor when he attained his majority, and that it is for that reason that he has kept silent.

Article 362 R. C. C. is a textual extract from the Napoleon Code, with this difference, that the prescription is *ten* years in France, while it is only *four* years in Louisiana.

The prescription runs, whether the tutor has or not, during the minority, rendered an account. His entire omission does not prevent prescription from running. Where prescription has run, the mortgage which is an accessory to the principal, necessarily follows it and disappears with it. R. C. C. 3285; 20 Ann. 509; 31 Ann. 395.

The authorities, as well in France as here, are to that effect. Delvincourt t. 2, p. 658; Troplong Prescr. 2 pp. 20-21, Nos. 488; 489; Marcade 2 p. 266, No. 284 § 2; Delsol, Vol. 1, p. 373, No. 637; 6 Ann. 345; 19 Ann. 151, 176; 2 Ann. 162, 320; 10 Ann. 658; 10 R. 173, 6 L. 161; 4 R. 290; 20 Ann. 509.

Duranton, whom plaintiff invokes, Vol. 2, p. 225, No. 643 (Ed. Brux. 1834) refers to an adjusted account, or *treaty* contract *after* majority, and in no way *before* that date.

It is in that sense, that Mourlon, Vol. 1. p. 606, No. 1221, understands it also. He says: "The action in payment of the residue (reliquat) is, in fact, distinct from the action for a rendition of account. It does not relate to the acts of the tutorship, since they have already been discussed and settled by a contract. It arises from the adjusted account itself, that is, from a fact *posterior* to the tutorship. Also Delsol vol. 1. p. 373, No. 637; Demolombe 8 No. 158-162; Pont 1. 497, 501.

Under the plain letter of the law, C. P. 998, the plaintiff ought to have sued his tutrix for a settlement, within the four years from his attaining his majority, R. C. C. 356. Had he done so then, he would

have been entitled to introduce against her, as *prima facie*, the judgments obtained by the under-tutor, and, on the other hand, it would have been her right to show an extinguishment, some way or other, partial or total, of the amount of those judgments.

In 35 Ann. 945, this Court said that it is the duty of a minor to take action to settle and liquidate within four years after his majority. In that case, the legal mortgage claimed, as resulting from the inscription of the extract of the inventory, although not renewed, was recognized as the judgment obtained by the minor within the *four* years from his majority, which had been duly and seasonably inscribed.

We think therefore that the judgments have ceased to have any effect and that the reconventional demand should have been allowed. Under the prayer of appellees for an amendment of the judgment, the error may be corrected in this Court.

It is therefore ordered and decreed that the judgment appealed from, so far as it rejects plaintiff's demand and makes a reserve of rights, be affirmed, and that so far as it *non suits* defendants reconventional demand, it be reversed, and it is now ordered, adjudged and decreed that there be judgment on said reconventional demand declaring the judgments sued upon in the petition, to be extinct, and inoperative and entitling the reconvenors to have the inscriptions thereof cancelled and erased from the mortgage registers in which the same were made.

It is further ordered that the plaintiff pay costs in both courts.

Rehearing refused.