(51 South. 646.)

No. 18,019.

ROBERSON v. GOLDSMITH et al.

(Feb. 14, 1910.)

*(Syllabus by the Court.)*

MORTGAGES (§ 413*)—EXECUTORY PROCEEDINGS—INJUNCTION.

An injunction may be sued out to arrest executory proceedings on a mortgage before the seizure of the property.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1187–1201; Dec. Dig. § 413.*]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Executory proceedings by William E. Roberson, in which Mrs. Mary E. Goldsmith, as tutrix of Pearl Tilton, and another, intervened as third opponents. Writ of seizure and sale of the minor's interest was enjoined, and the writ issued as to the interests of the other third opponent, and the third opponents appeal. Reversed and remanded.

Benjamin Rice Forman, for appellants. Benjamin Ory and James C. Henriques, for appellee.

LAND, J. Plaintiff sued out executory process on a mortgage note signed by Mrs. Mary E. Goldsmith, Newell Tilton, Sue V. Tilton, and Alice M. Tilton, and against two certain lots of ground situated in the city of New Orleans.

Mrs. Goldsmith, as the tutrix of Pearl Tilton, and Mrs. Sue V. Tilton, wife of Dr. W. W. Coulter, filed an intervention and third opposition in the executory proceedings, and obtained an injunction inhibiting the plaintiff from causing to be issued a writ of seizure and sale, and the sheriff from seizing, advertising, and selling said property. Pearl Tilton, through her said tutrix, alleged that she was the owner of an undivided five-eighths interest in the said lots, and Mrs. Coulter alleged that she was the owner of an undivided one-eighth interest in the same property. Mrs. Coulter further alleged that she signed the act of mortgage and consented to the cancellation of her legal mortgage without the authority of her husband. Both interveners and third opponents prayed in the alternative that their respective legal mortgages on the two lots be recognized and enforced by preference over the plaintiff's claim.

It appears that after the injunction was granted a writ of seizure and sale issued to the sheriff, commanding him to seize and sell the undivided one-eighth interest each of Mrs. Sue V. Tilton, wife of Dr. Coulter, of Newell Tilton, and Miss Alice Tilton. Notice was served on a curator ad hoc appointed to represent Mrs. and Dr. Coulter.

The plaintiff, Roberson, filed an exception of no right or cause of action. The sheriff pleaded the general issue.

The exception was heard and maintained, "with the reservation that, if hereafter process should actually issue and suit be brought against opponents, they are not bound from invoking the proper remedy for their relief."

As above stated, Mrs. Sue V. Tilton was proceeded against as one of the defendants in the executory proceedings, and notice of seizure was served on her representative.

The minor, Pearl Tilton, was no party to

the act of mortgage; but her alleged interest in the property had been ordered to be seized and sold.

As to Mrs. Coulter the threatened seizure was actually carried into effect. As to Pearl Tilton, the record does not show that the order has been rescinded, or that the plaintiff has even disclaimed the intent of enforcing the decree against her interest in the property.

Apart from the question of injunction, both opponents have the right to stand in judgment on the allegations of their petition.

It may be, as was held in Taylor v. Sheriff, 12 La. Ann. 587, that a mere intention to seize under a writ of fieri facias will not justify an injunction. But, where a plaintiff has obtained an order to seize and sell particular property, the presumption is that the decree will be enforced, unless arrested by order of the court. The three days' notice required by law before the writ can issue, is allowed for the very purpose of enabling all parties in interest to protect their rights by appeal or by injunction.

It is therefore ordered that the judgment be reversed, and it is further ordered that this case be remanded for further proceedings according to law; costs of appeal to be paid by plaintiff and appellee.