(57 South. 908.)

Nos. 18,846, 18,444.

ROBERSON v. GOLDSMITH et al.

(Jan. 29, 1912. On Application for Rehearing, Feb. 26, 1912.)

*(Syllabus by the Court.)*

1. JUDGMENT (§ 650*) — CONCLUSIVENESS — FINALITY OF DETERMINATION.

In order to constitute a basis for the plea of res judicata, the judgment relied on must be one "from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law has elapsed, or because it has been confirmed on appeal." C. C. 3556, No. 31.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1162; Dec. Dig. § 650.*]

2. JUDGMENT (§ 707*)—CONSENT JUDGMENT—EFFECT.

The effect of a consent decree as to third persons is merely that of a transaction in authentic form.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1230; Dec. Dig. § 707.*]

3. GUARDIAN AND WARD (§ 134*)—POWERS OF UNDERTUTOR—EFFECT OF JUDGMENT.

An undertutor has no authority to cause execution to issue on a judgment rendered in favor of his ward against the tutor, so long as the latter remains in office, and whatever may be done under such unlawfully issued execution is null.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. § 457; Dec. Dig. § 134.*]

4. HUSBAND AND WIFE (§ 62*)—DISABILITIES—ESTOPPEL TO ASSERT.

Where a woman upon the representation that she is divorced obtains a decree of emancipation, and joins in the execution of various instruments, all with the purpose and effect of inducing another to part with money, she cannot afterwards, in order to escape liability, and without alleging and proving error on her part and fraud on the part of the other, be heard to say that she was a married woman, unauthorized by her husband, when the money was so parted with.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 282–284; Dec. Dig. § 62.*]

5. ESTOPPEL (§ 14*)—EQUITABLE ESTOPPEL—GROUNDS.

Where a widow in community and her children, emancipated minors, unite in executing a note and securing it by mortgage on the property held in common, and the minors unite in a notarial act declaring that their mother has settled with them in full, and that they have no claim against her or her property, all with the purpose and effect of obtaining from a third person money which is used, with their knowledge and consent, in clearing such property of prior incumbrances, they cannot afterwards, in order to escape liability on such note and with respect to such mortgage, be heard to say that there was no settlement by the mother and tutrix, and that the minors have a legal mortgage priming that so given by them.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 18; Dec. Dig. § 14.*]

6. MINORS AND THEIR TUTORSHIP—GENERAL MORTGAGE ON TUTOR'S PROPERTY.

The general mortgage of a minor for an unliquidated amount constitutes no legal impediment to the seizure and sale of the property affected at the instance of a judgment creditor of the owner.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 206–218; Dec. Dig. § 74.*]

7. MINORS AND THEIR TUTORSHIP — ACTION AGAINST TUTOR—JUDGMENT BY CONFESSION—INTEREST.

Whilst a judgment by confession obtained by a minor represented by her undertutor against her tutrix may be conclusive as between the parties thereto, a creditor having a mortgage which is brought in conflict with the general mortgage in favor of the minor is not thereby affected, and may contest the correctness of the minor's claim; and, where it appears that the minor is claiming interest, but that the cost of her maintenance borne by the tutrix would have exceeded any interest which might have been earned by the money due her, such claim will not be allowed at the expense of the creditor.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 453–456; Dec. Dig. § 133.*]

8. MORTGAGES (§ 431*)—ACTION—TRANSFER—RIGHTS OF HOLDER.

Where foreclosure proceedings are brought on a negotiable mortgage note, and no rights are asserted or denied that could not be asserted or denied by or against the owner, the fact that the proceeding is brought by one who is merely the holder of the note is immaterial.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1268; Dec. Dig. § 431.*]

Appeal from the Civil District Court, Parish of Orleans; King, Judge.

Action by William E. Roberson against Mrs. Mary E. Goldsmith and others. Judgment for plaintiff, and defendants appeal. Affirmed.

See, also, 125 La. 571, 51 South. 646; 128 La. 1019, 55 South. 660.

Benjamin R. Forman, for appellants. Benjamin Ory and James C. Henriques, for appellee.

### Statement of the Case.

MONROE, J. Plaintiff obtained an order for executory process on a note for $1,200 of date October 12, 1908, secured by mortgage; both note and act of mortgage having been executed by Mrs. Mary E. Goldsmith and three of her children by a previous marriage, to wit, Sue Virginia Tilton, appearing as the divorced wife of James R. Bass, Aloys Mary (known as Alice) and Newell, Tilton, emancipated minors, and the property purporting to have been mortgaged being two lots of ground in this city. Thereupon Mrs. Goldsmith, appearing as the tutrix of the minor, Pearl Tilton, and Sue Virginia Tilton, appearing as the wife of Dr. W. W. Coulter, intervened and obtained an injunction, alleging, in substance, (1) that plaintiff is not the owner of the note sued on; that the mortgagee named in the act knew that the minor, Pearl, owned a one-eighth interest in the mortgaged property, and that she and her brother and sisters had a legal mortgage on their mother's half interest therein, inscribed April 20, 1906, to secure $9,598.50; (2) that Mrs. Coulter was a married woman, unauthorized by her husband, when she signed said note and act of mortgage, and that, as to her, they were without consideration, and that her mother had never accounted to her as tutrix; (3) that on October 7, 1909, the undertutor of the minor, Pearl, having obtained judgment in her behalf against her tutrix, caused the half interest of the tutrix in said lots to be sold under fi. fa., and adjudicated to him. An exception of no cause

130 La.—9

of action to the intervention was sustained by the district court, but the judgment was reversed on appeal. 125 La. 571, 51 South. 646. And, the case having been remanded, there was a trial on the merits, resulting in a judgment in favor of the plaintiff (in executory process), from which Mrs. Goldsmith, tutrix, and Mrs. Coulter, have again appealed. The lots in question were acquired by A. G. Tilton (of whom Mrs. Goldsmith was then the wife) as community property. A. G. Tilton died in April, 1896, leaving his widow and four children, the minors whose names have been mentioned. The widow was confirmed as natural tutrix. An abstract of inventory was filed, showing that, according to the inventory, "the property belonging to the minors or in which they have any interest is appraised at the sum of $9,598.50." Newell Tilton was shortly afterwards (August 22, 1906) emancipated by judgment of court. Mrs. Coulter, appearing as the divorced wife of Bass, was emancipated by judgment of court on September 30, 1908, though, as a matter of fact, she had been married to Dr. Coulter on May 7, 1908, and Miss Alice Tilton was emancipated by judgment of court, September 30, 1908. On October 12, 1908, Mrs. Goldsmith (formerly Mrs. Tilton), who had married again and had been appointed dative tutrix, with the three emancipated minors, executed the note here sued on and the act of mortgage (Mrs. Coulter again appearing as the divorced wife of Bass, and giving the notary to understand that she was a feme sole), in consideration of which they received $1,200 cash, which was used in paying off recorded mortgages and privileges resting upon the property in question, and in defraying the expense incidental thereto; and the three emancipated minors upon the same day executed another notarial act, whereby they declared that their mother and tutrix had settled with them, after having 10 days before furnished them with her account and all papers and

vouchers connected therewith, and that they were satisfied and granted her a full release and discharge from all claims and demands and all liens, privileges and mortgages. The note here sued on matured on October 12, 1909, but on August 24, 1909, Stanley D. Graham, as undertutor of Pearl Tilton, Mrs. Coulter, Alice Tilton, and Newell Tilton filed a petition in the succession of A. G. Tilton, alleging that Mrs. Goldsmith was indebted to them on account of her tutorship, and on the same day obtained judgment against her, by confession, each for $1,375, with interest from April 20, 1897, "and with recognition of her legal mortgage to date from April 20, 1897." On the following day execution was issued at the instance of Pearl Tilton, and the half interest of Mrs. Goldsmith in the lots here in question was seized, and on October 7, 1909, adjudicated to said undertutor for $2,300, which amount, save certain costs, he retained. On October 12th plaintiff herein obtained his order of seizure and sale, and the writ, as issued, directed the sheriff to seize the whole of the two lots, and thereupon the injunction issued.

On December 7th following Mrs. Goldsmith, as tutrix of Pearl Tilton, Stanley D. Graham, as undertutor, Mrs. Coulter, Miss Alice Tilton, and Newell Tilton, proceeded, by rule, in the succession of A. G. Tilton, to have canceled certain mortgages which rested upon the half interest of the tutrix (adjudicated to the undertutor, as heretofore stated) in the lots in question, to wit, the general mortgage in favor of Pearl Tilton and against her tutrix, the mortgage of $1,-200 in favor of plaintiff herein, and a judicial mortgage resulting from the inscription of a judgment for $390 obtained by Dr. Bruning against Mrs. Goldsmith, the allegations being that the property had been sold in satisfaction of the general mortgage against the tutrix, and that said mortgage primed the others.

Defendant in rule (plaintiff herein) answered, alleging that his mortgage was valid; that the judgment against Mrs. Goldsmith had been obtained by confession and collusion for the purpose of defrauding him; and that the execution and sale thereunder were void, for the reason that no final judgment could be rendered and no execution could run against the tutrix, at the instance of the undertutor, until the termination and settlement of the tutorship, and, assuming the character of plaintiff in reconvention, he prayed that said rule be dismissed, that his mortgage be recognized as in full force, and that the sale of the interest of his debtor in the mortgaged property as under a superior privilege and the judgment purporting to authorize such sale be decreed void. Upon the pleadings so presented and after hearing evidence and argument, the judge a quo gave judgment dismissing the rule, and, further, as follows:

"And decreeing in favor of said respective defendants that their several mortgage rights, witnessed by the inscriptions in the mortgage office, sought herein by this rule to be canceled, were and are in no wise affected by the judgment of August 24, 1909, in the succession of A. G. Tilton * * * in the suit of Stanley D. Graham, Undertutor, et al. v. Mrs. Mary Goldsmith, Tutrix, or by the seizure and adjudication made by the civil sheriff under the writ issued on said judgment, and that, as to all the defendants in this rule, said judgment, writ, and adjudication are null and of no effect. In all other respects the demands of the several parties to this rule are dismissed with (out) prejudice to the rights of any party having interest to proceed for the nullity of said judgment of August 24, 1909, hereafter."

The judgment so rendered (on January 12, 1910) was signed March 3, 1910; and, as no appeal therefrom was taken until March 1, 1911, plaintiff herein has made it the basis of a plea of res judicata against the insistence of the interveners in the instant case upon the validity of the judgment and sale thereunder, which, as to him (plaintiff herein), were thus decreed to be "null and of no effect." In the meanwhile—that is to

say, on January 19, 1910—whilst the matter of the rule thus referred to was pending upon an application for new trial, the minor, Pearl Tilton, was emancipated by notarial act. On January 26th, however, her tutrix, or former tutrix, asked the district court to convene a family meeting in her behalf to approve and ratify the act of her undertutor in purchasing her (the tutrix's) interest in the two lots, and the family meeting was convened and approved and ratified accordingly; and thereafter the minor, so emancipated, intervened in this proceeding, and, declaring that she ratified said act, asked that judgment be rendered herein as originally prayed for by the tutrix. The judgment as rendered, however, rejects the demands of the interveners and opponents, sustains plaintiff's plea of res judicata, recognizes the note and mortgage sued on as valid and as enforceable and executory "upon the seven undivided eighths interest" of Mrs. Goldsmith, Mrs. Coulter, Miss Alice Tilton, and Newell Tilton, in the lots in question, dissolves the injunction, decrees the nullity of the sale to Pearl Tilton of Mrs. Goldsmith's half interest in said lots, recognizes the claim of Pearl Tilton against her tutrix to the extent of $1,375, without interest, and limits said claim to that amount, condemns the interveners and opponents to pay all costs, and reserves the right of the plaintiff herein hereafter to claim damages. And from the judgment so rendered interveners and opponents prosecute this appeal.

## Opinion.

Counsel for the appellee have filed briefs under the numbers and titles in this court of the transcripts of both appeals (i. e., the appeal in the Succession of Tilton from the judgment on the rule to cancel mortgages, and the appeal, in the case, the title and number of which appear at the head of the opinion), and they style the two "consolidated cases," but counsel for appellant says in the last brief filed by him:

"The learned counsel of William E. Roberson, otherwise E. A. Carrere, falls into the error of supposing that the proceedings in the succession of Albert G. Tilton, on appeal here, No. 18,844, were consolidated with the case of William E. Roberson v. Mrs. Mary Goldsmith, on the third opposition of Mrs. Mary Goldsmith, tutrix, and others, on appeal here, No. 18,846. The matter of the succession of Albert G. Tilton has never been fixed for trial, and no brief has been prepared in that case for that reason. The judgment in the succession of Tilton was rendered nearly a year before the judgment appealed from in the case of Roberson v. Goldsmith."

The transcript, No. 18,844, was filed in this court on April 22, 1911, and transcript No. 18,846 was filed on May 8, 1911. We find in the transcript last mentioned written instructions from the counsel on either side to the clerk as to its preparation, and we observe that counsel for the appellants gave the following, among other, instructions:

"In a former appeal in this case, a transcript was made and filed, No. 18,019 [125 La. 571, 51 South. 646] Supreme Court. Therefore omit in the transcript of appeal all papers and documents copied in that transcript. Also omit all the papers and documents copied in the transcript in Succession of Albert G. Tilton."

In this court counsel filed a motion, suggesting that the two transcripts above mentioned contain much that is pertinent to the present appeal, and concluding in the form of an order that:

"Said two transcripts may be annexed to and considered, so far as the same are pertinent, on the argument and hearing of this case."

We, however, find no motion for the consolidation of the cases, and, whilst it appears to us that such a course, which was entirely open to the parties, would have tended to facilitate matters, we cannot at this time order the consolidation. And, as appellants seem to prefer that the cases shall be considered separately, we shall confine ourselves for the present to the case of Roberson v.

Goldsmith, contained in the transcript No. 18,846.

[1] 1. When this case was tried in the district court, the year within which the parties thereto were entitled to appeal from the judgment on the rule to cancel mortgages, which judgment is here made the basis of the plea of res judicata, had not expired, and before its expiration the appeal was taken. The plea of res judicata was therefore improperly sustained. C. C. 3556, No. 31; Escurix v. Daboval, 7 La. 578.

[2] 2. It is an elementary proposition that no one can be bound by transactions or proceedings to which he is not made a party, and it is clear that when Mrs. Goldsmith's three children, Mrs. Coulter, calling herself the divorced wife of Bass, Miss Alice Tilton, Newell Tilton (who had but recently joined with her in obtaining $1,200 upon their representation that she owed them nothing and upon their notarial release of all demands, liens, privileges, etc., against her and her property), and the undertutor of the minor, Pearl Tilton, upon the one side, and Mrs. Goldsmith, upon the other, went off to themselves and agreed that Mrs. Goldsmith owed each of the others $1,375, and that the aggregate amount was secured by their original minor's mortgage against her property, priming that of the plaintiff, for the $1,200 which had been advanced, the rights of the plaintiff were in no wise affected. Nor does it alter the case that the parties thereto had the agreement put in the form of a judgment, since plaintiff was no more a party to the one than to the other, and did not become interested in either until it was attempted to make use of the agreement in the form of a confessed judgment, to the prejudice of his rights, and then only to the extent necessary to prevent such attempt from succeeding.

"Consent decrees decide nothing. They merely authenticate private agreements, rendering them executory between the parties. Their effect as to third persons is that of a transaction in authentic form." 1 Hennen's Dig. p. 742, No. 9.

Leaving to the consent judgment in this case, therefore, such effect between the parties as it may be entitled to, we are of opinion that, as to the plaintiff and his rights, it was utterly void of effect. Beyond that, the attempt, by the undertutor, to execute such judgment against the tutrix was unauthorized and barren of legal results as to any one.

[3] In a case decided by our predecessors, it appeared that a judgment having been rendered against a tutrix and her second husband as cotutor, in favor of her children by the first marriage, the undertutor of the minor caused execution to issue under which two slaves were adjudicated to him, whereupon he proposed to pay the price by crediting the same upon the judgment, but the sheriff demanded cash, and, on the refusal of the undertutor to pay, readvertised the slaves under executions which had been issued by another creditor of the cotutor. The undertutor then, acting by the advice of a family meeting, enjoined the proceedings, praying that the sheriff be ordered to make title under the original adjudication; and he appealed from a judgment dissolving his injunction. In deciding the question presented on the appeal, this court said:

"The judge below properly dissolved the injunction. The undertutor, whose duty it is to act for the minor when the latter's interest is adverse to that of the tutor, is the proper person, contradictorily with whom the accounts of the tutor must be settled. The judgment which is rendered thereupon fixes the amount due to the minor, and which, in the hands of the tutor, is to be administered upon; but the undertutor is without any authority to execute such a judgment against the tutor, as long as the latter remains in office. The undertutor has no right to receive any part of the property or funds belonging to the minor. If they are considered unsafe in the hands of the tutor, or if there exists against the latter any sufficient cause, the undertutor is authorized to sue for his removal and for the appointment of another tutor, who upon giving security would be competent to enforce the minor's rights and claims against

the former tutor. The execution in this case directs the sheriff to seize and sell the property of the tutrix and cotutor, and to pay the funds thus obtained to the undertutor. The latter, being clearly unauthorized to receive and adminster those funds, would have had to hand them over to the tutrix and cotutor, who were alone competent to receive them. Thus the money made on the minor's execution would return into the hands of the very persons out of whose property it was levied. If the whole amount of the judgment was obtained in the same way, the result would be to convert into specie, in the hands of the tutor, all the property on which the minor had a legal mortgage, and thus deprive him of the security provided by law. A proceeding which would lead to such preposterous consequences cannot receive our sanction. The tacit mortgage of the minor can be enforced against a tutor only at the termination of his functions in one of the modes provided by law. If the minor or his legal representative does not then find, in the possession of his tutor, sufficient property to satisfy his claim in consequence of sales made by the tutor or of executions levied on his property, his tacit mortgage may be enforced against the purchasers in the order pointed out by article 715 of the Code of Practice. * * * If the execution was unlawfully issued, everything under it is null." Holmes, Undertutor, v. Hemkin et al., 6 Rob. 53.

See, also, Gibbs v. Lum, 29 La. Ann. 526; Cochran v. Violet, 37 La. Ann. 223; Schnieder v. Burns, 45 La. Ann. 875, 13 South. 175.

We therefore conclude that the adjudication by' the sheriff to the undertutor of the half interest of the tutrix in the property in question operated no change in the title.

[4] 3. Mrs. Coulter, having represented herself as a divorced woman, for the purposes of her emancipation and of the note and mortgage here sued on, cannot be heard to say that she was a married woman when said note and mortgage were executed. Henry v. Gauthreaux, 32 La. Ann. 1107; Kohlman v. Cochrane, 123 La. 219, 48 South. 914.

[5] 4. Mrs. Goldsmith and her children (other than the minor, Pearl Tilton), having united in the representation to the prospective holder, or holders, of the note and mortgage sued on that, as to them, all incumbrances on the property mortgaged were released and all claims discharged, and having obtained the money which plaintiff is here seeking to recover and authorized its use in discharging obligations already resting on said property, cannot now be heard to assert claims which they thus declared had no existence.

[6] 5. It is well settled that the general mortgage of a minor for an unliquidated amount constitutes no legal impediment to the seizure and sale of property affected at the instance of a judgment creditor of the owner. C. P. 710; Eagan v. Bell, 13 La. Ann. 508; Laplace v. Haydel, 19 La. Ann. 363; Tessier v. Bourgeois, 38 La. Ann. 256.

[7] 6. It having been alleged in the suit of the undertutor against the tutrix that the amount due the minor, Pearl Tilton, was $1,375, and judgment having been rendered for that amount, with interest, we are of opinion that, whether the minor is thereby concluded or not, the evidence offered to show that she is entitled to a larger amount is insufficient for that purpose. The plaintiff, however, contests the claim for interest, and his position is sustained by the facts and the law. The minor is shown to have lived with, and to have been provided for by, her mother during the period for which the interest is claimed, and it is evident that the amount of interest accruing from $1,375 would not have been sufficient to defray the expense of her maintenance. Her claim cannot, therefore, be allowed. Succession of Guillemin, 2 La. Ann. 638; Timberlake v. Braud, 5 La. Ann. 715.

[8] 7. We notice the contention that the plaintiff is not the owner of the note sued on merely to say that we find nothing in it. The note is negotiable, but plaintiff, as holder, is asserting no right that the owner could not assert, and the makers have been deprived of no advantage which they would have enjoyed if the owner had sued in person.

We find no error in the judgment appealed from, save in the matter of the mainte-

nance of the plea of res judicata, and, as that is not material to the result, the judgment is affirmed.

### On Application for Rehearing.

The judgment of the district court having recognized the claim of the minor, Pearl Tilton, to the extent of $1,375, and that judgment having been affirmed by this court, she should have been allowed her costs in both courts.

It is therefore ordered, adjudged, and decreed that the decree heretofore handed down in this case be recast so as to read as follows, to wit:

It is ordered, adjudged, and decreed that the judgment appealed from be amended in so far as that the plaintiff in the seizure, William E. Roberson, and the plaintiff in the intervention and injunction, Mrs. Sue Virginia Tilton, wife of Dr. W. W. Coulter, be condemned, in equal proportions, for the costs of the district court. It is further decreed that, as thus amended, said judgment be affirmed. It is further decreed that the costs of this appeal be paid by said named parties in the same proportions. The rehearing is refused.