(58 South. 223.)

No. 18,844.

SUCCESSION OF TILTON.

(April 8, 1912.)

*(Syllabus by the Court.)*

1. MINORS AND THEIR TUTORSHIP—MORTGAGE ON INTEREST OF TUTRIX—ADJUDICATION TO MINOR—RIGHTS OF PARTIES.

Where a tutrix and her emancipated minors make a settlement, valid in form, and then jointly effect a mortgage on her and their property, and obtain the money of the mortgage creditor, the said minors cannot be heard to claim that there has been no settlement with their tutrix, and that their general mortgage against their tutrix primes the general mortgages against her.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 206–218; Dec. Dig. § 74.*]

2. MINORS AND THEIR TUTORSHIP—RIGHTS OF MINOR.

The interest of an unemancipated minor is not affected by such proceedings.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 206–218; Dec. Dig. § 74.*]

3. MINORS AND THEIR TUTORSHIP — JUDGMENT IN FAVOR OF MINOR—ENFORCEMENT.

A judgment in favor of a minor against her tutrix cannot be executed during the existence of the tutorship; and a sale of the property of the tutrix under that judgment may be set aside at the instance of the creditor of the tutrix.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. § 457; Dec. Dig. § 134.*]

Appeal from Civil District Court, Parish of Orleans; Thos. C. W. Ellis, Judge.

In the matter of the Succession of Albert G. Tilton, the tutrix and undertutor, and others, proceed by rule to cancel certain mortgages. From a judgment denying the rule the movers appeal. Affirmed.

Benjamin R. Forman, for appellants. Benjamin Ory, J. C. Henriques, Buck, Walshe & Buck, and W. O. Hart, for appellees.

SOMMERVILLE, J. The tutrix and undertutor of Pearl Tilton, together with the latter's coheirs, who are emancipated minors, proceed by rule to cancel the general mortgages resting upon the interest of the tutrix in certain real estate, and adjudicated to the minor, Pearl Tilton. They implead a mortgage creditor of theirs, and also a judgment creditor of Mrs. Tilton, now Mrs. Goldsmith, and ask for a cancellation of their mortgages.

These mortgage creditors resist movers in rule, and there is a judgment in favor of the creditors and against movers, decreeing that the sale of the property to the minor, Pearl Tilton, together with the judgment in her favor under which the sale took place, to be null and of no effect as to the creditors named. From that judgment, movers in rule appeal and ask for a reversal thereof.

A full statement of the case is to be found in William E. Roberson v. Mrs. Mary E. Goldsmith et al., 130 La. 255, 57 South. 908; and it is therefore unnecessary to restate it.

[1] The judgment appealed from simply decrees that, in so far as the mortgage rights of defendants in rule are concerned, they are not affected by the judgment in favor of the minor, Pearl Tilton, against her tutrix, based on the latter's confession, and the sale thereunder; the same being null and of no effect. We have decided that said judgment and sale are void as to one of the creditors. Roberson v. Goldsmith, 130 La. 255, 57 South. 908. It is void also as to these defendants in rule.

The judgment appealed from is correct; and it is affirmed.