**CATHEY v. POU et al.**

No. 4861.

Court of Appeal of Louisiana.
Second Circuit.

June 29, 1934.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellant.

Bryan E. Bush, of Shreveport, for appellees.

MILLS, Judge.

This suit was brought in the First district court, Caddo parish, La., January 17, 1934, by John L. Cathey against P. W. Pou of Caddo parish and Wm. B. Sapp of Bossier. The relief sought is in damages for the alleged fraudulent and illegal seizure of the plaintiff's property under writs of fieri facias unsupported by a valid judgment.

The petition recites that at the instance of Pou, Sapp, in his capacity of justice of the peace, on January 18, 1933, issued a fraudulent writ of fieri facias in favor of Pou and against plaintiff upon a pretended judgment for $95 with interest and costs, when, as a matter of fact and to the knowledge of defendants, there was no such judgment. That under the writ his automobile was seized and held for eight months. That subsequently, on February 17, 1933, Sapp, acting in his said official capacity, and induced by Pou, prepared what purported to be a copy of a judgment rendered April 13, 1931, by his predecessor in office, when to the knowledge of defendants no such judgment had been rendered or signed. That thereupon another writ issued directed to the marshal of the city court of Shreveport, under which his wages to the amount of $130 were seized. That on March 17, 1933, petitioner filed suit in the justice court presided over by Sapp, in Bossier parish, in which the marshal of the Shreveport city court, the Louisiana Oil Refining Corporation, employer of petitioner and garnishee, and Pou were made parties defendant, and in which he prayed to have the aforesaid pretended judgment and proceedings thereunder annulled.

This case was tried March 31, 1933, but

the judgment, adverse to petitioner, rejecting his demands and recognizing and sustaining the validity of the judgment complained of, was not rendered and signed until January 31, 1934. So far as the record shows no appeal has been taken from this judgment.

In the present suit Pou filed exceptions of prematurity and to the jurisdiction ratione personæ and pleaded that the above judgment constituted res judicata as to the issues here presented.

Though the written judgment of the lower court sustained all of the exceptions, it is conceded that on this appeal from it the only matter to be considered is the plea of res judicata.

In Woodcock v. Baldwin, 110 La. 270, 34 So. 440, 441, the court said in regard to the plea: "Here in Louisiana the doctrine is much more restricted than in common law States. State of Louisiana v. American Sugar Refining Co. (recently decided) 108 La. 603, 32 So. 965. It is with us of statutory declaration and its scope and extent is defined and limited by the codal provisions of the law."

Article 3556, No. 31, of the Revised Civil Code, reads: "Thing adjudged is said of that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on the appeal."

To stay execution of a judgment of a justice of the peace, the appeal must be taken within ten days after judgment. Code of Practice, art. 1131.

Article 1133 of the same Code reads: "If a party having cause to complain of a judgment rendered by a justice of the peace, allows twelve months to elapse after the time allowed for an appeal, without having taken one, he shall no longer be allowed to appeal, but the judgment shall acquire the force of res judicata * * *."

It is therefore clear that, one year not having elapsed since the rendition of the judgment relied upon, it cannot constitute the basis of the plea of res judicata. Escurix v. Daboval, 7 La. 575; Byrne, Vance & Co. v. Prather, 14 La. Ann. 653; Harvin v. Blackman, 112 La. 24, 36 So. 213; Roberson v. Goldsmith, 130 La. 255, 57 So. 908.

The judgment appealed from is accordingly reversed, and the case remanded to be proceeded with according to law.