SEXTON, Judge.
This appeal arises out of a personal injury lawsuit by the plaintiff as a result of an alleged injury he sustained while a patient at the Louisiana State University Medical Center in Shreveport (LSUMC). The defendant (mischaracterized in the title), the Board of Supervisors of Louisiana State *231 University Agricultural and Mechanical College (LSU), filed an exception of prematurity which the trial court overruled by agreement of the plaintiff and LSU. The appellant-intervenor, Employers Casualty Company, is allegedly the general liability insurer of the defendant LSU, but not the malpractice insurer.[1]
For the following reasons, we conclude that appellant is neither bound nor “aggrieved” by the judgment appealed and may therefore not maintain this appeal.
The limited nature of the record before us complicates this appeal. Because of the preliminary stage of the proceeding below at which the judgment was rendered, the entire record necessarily consists only of pleadings from the court below, the district court’s minutes, and the briefs by the parties. Accordingly, our statement of the facts of this case is limited to what may be gleaned from the pleadings.
Plaintiff alleges that he was injured while being weighed on a hydraulic lift scale at LSUMC in Shreveport. He alleges that this occurred during the course of medical treatment at that facility.
Following service of process on the medical center, the attorney who presently represents Employers Casualty filed a motion for extension of time in which to plead on behalf of the medical center.
Shortly thereafter, a different attorney representing the Board of Supervisors filed an exception of prematurity to plaintiffs lawsuit. The basis for the exception of prematurity was that the plaintiff had not submitted a claim of malpractice to a state medical review panel in accordance with LSA-R.S. 40:1299.39.1 B(l)(a)(i). After concluding that the medical center was being represented by another attorney and that his services were no longer necessary to protect the interests of the medical center, Employers Casualty’s attorney withdrew from the proceeding.
Thereafter, by agreement of plaintiff and the medical center, the exception of prematurity was overruled. Thus, the plaintiff and defendant apparently concluded among themselves that the action was in simple or generic negligence and rather than in malpractice. Upon discovering this, Employers Casualty’s attorney filed a petition of intervention and also filed a motion and order for devolutive appeal seeking to have the district court’s overruling of the exception of prematurity reviewed.
The judgment which appellant seeks to have reviewed was rendered below at a time when appellant had been neither named as a party, nor cited and served. It is an elementary proposition that no one can be bound by transactions or proceedings to which he was not made a party. Roberson v. Goldsmith, 130 La. 255, 57 So. 908 (1912). Accordingly, the judgment which appellant challenges, though it may imply that the facts giving rise to plaintiff’s claim may constitute generic negligence rather than medical malpractice, has no effect on appellant.[2]
Because appellant is not bound and therefore not “aggrieved” by the judgment, it may not appeal it. Emmons v. Agricultural Insurance Co., 245 La. 411, 158 So.2d 594 (La.1963). Further, appellant may relitigate the underlying issue of the theoretical basis of liability and resulting insurance coverage or lack thereof because, although the identity of the thing demanded and the cause of action may be the same, the judgment was not rendered between the same parties appearing in the same capacity. LSA-R.S. 13:4231; Safeco Insurance Co. v. Palermo, 436 So.2d 536 (La.1983).
Finally, we should note that we offer no opinion regarding whether the alleged facts would constitute either medical malpractice or generic negligence because we have no basis in the record with which to draw such conclusions. Further, we make no decision regarding whether appellant either provides coverage or owes its insured a defense under the circumstances.
*232 Employers Casualty may assert whatever policy defenses it may have in the district court and will additionally have an adequate remedy on appeal in the event it is found liable following a judgment on the merits. For the above and foregoing reasons, this appeal is dismissed.
APPEAL DISMISSED.

. The policy issued by Employers Casualty is not contained in the record.

. We are not called upon to decide the effect of the judgment between plaintiff and LSU and offer no opinion regarding the matter.