HARDY HOLMES, Under-Tutor of Nancy Miriam Evans *v.* BERNARD HEMKEN and another.

It being the duty of the under-tutor to act for the minor whenever the interest of the latter is adverse to that of the tutor, he is the proper person contradictorily with whom the accounts of the tutor must be settled, and the judgment rendered on such settlement fixes the amount due to the minor; but he has no authority to execute such a judgment against the tutor, so long as the latter remains in office.

An under-tutor has no right to receive any part of the property, nor any funds belonging to the minor. If they are considered unsafe in the hands of the tutor, or if there be any sufficient cause, the under-tutor may sue for his removal and for the appointment of another tutor, who, on giving security, will be competent to enforce the minor's rights against his former tutor.

The tacit mortgage of a minor can only be enforced against his tutor, after the termination of the functions of the latter. If the minor, or his legal representative, does not then find in the possession of the tutor property sufficient to satisfy his claims, in consequence of sales by the tutor, or of executions levied on his property, his tacit mortgage may be enforced against the purchasers in the mode pointed out by art. 715, of the Code of Practice.

Where an execution has been unlawfully issued, every thing done under it, is null and void.

APPEAL from the District Court of Ouachita, *Curry*, J.

*J. Garrett*, for the appellant. The interest of the tutrix and co-tutor being opposed to that of the minor, it was the duty of the under-tutor to act. Civil Code, art. 301. *Chisholm* v. *Skillman*,

2 La. 144.   11 La. 189.   *McGuire, Curator, v. Ross, Tutrix,*
12 Ib, 575.   6 Ib. 484.

*McGuire* and *Ray,* for the defendants.

MORPHY, J.   The plaintiff, as under-tutor of the minor Nancy
Miriam Evans, prosecutes this appeal from a judgment dissolving
an injunction he had obtained to prevent the sale of two negroes,
seized at the suit of the defendant, Bernard Hemken, against
James Killam, on the ground, that these slaves belonged to the
minor.   The material facts shown by the record are :   That the
mother and natural tutrix of Nancy Miriam Evans, who had inter-
married with James Killam, was, on the 17th of November, 1835,
appointed tutrix, and her husband co-tutor to the said minor, by
a family meeting.   That in April, 1841, the tutrix and her co-
tutor rendered an account of their administration on the estate of
James E. Evans, and of their tutorship up to that day ; where-
upon, after hearing the objections of the under-tutor, who had
filed an opposition thereto, the probate Judge of Ouachita
rendered against them, *in solido,* judgment for the sum of
$14,357 83½, which judgment was recorded on the 22d of No-
vember, 1841.   On the 21st of May, of the following year, the un-
der-tutor thought proper to sue out an execution against the tutrix,
and co-tutor James Killam, to satisfy this judgment ; and the
negroes whose sale is enjoined were seized, with other property
of the co-tutor.   At the Sheriff's sale under this execution, the
under-tutor, who had obtained to that effect the authorization of
a family meeting, bid for the minor $800, on each of the two ne-
groes in question.   After the adjudication, he directed the Sheriff
to credit the amount of his bid on the execution of the minor, as
holding the oldest mortgage on the slaves, and demanded of him
a deed of sale in favor of the minor.   This the Sheriff refused to
do, unless the money was paid to him.   Thereupon, that officer
re-advertised the sale of these negroes, at the suit of the defen-
dant Bernard Hemken, who had previously caused them to be
seized under several judgments against Killam, recorded before
that of the minor, to wit, on the 3d of May, 1841.   This re-sale,
the under-tutor, acting under the advice of a family meeting, en-
joined.   He prays, that the Sheriff may be decreed to make a
conveyance of the slaves to the minor, as the rightful owner of

Holmes, Under-Tutor v. Hemken and another.

them under the adjudication; and, in case the court should decide, that the title to said negroes is yet in Killam, that the Sheriff be ordered to apply the proceeds of the sale to the execution in his hands in favor of the minor, whose mortgage on Killam's property is older than that of Hemken.

The Judge below properly dissolved the injunction. The under-tutor, whose duty is to act for the minor when the latter's interest is adverse to that of the tutor, is the proper person contradictorily with whom the accounts of the tutor must be settled. The judgment which is rendered thereupon, fixes the amount due to the minor, and which, in the hands of the tutor, is to be administered upon; but the under-tutor is without any authority to execute such a judgment against the tutor, as long as the latter remains in office. The under-tutor has no right to receive any part of the property, or funds belonging to the minor. If they are considered unsafe in the hands of the tutor, or if there exists against the latter any sufficient cause, the under-tutor is authorized to sue for his removal, and for the appointment of another tutor, who, upon giving security, would be competent to enforce the minor's rights and claims against his former tutor. The execution in this case directs the Sheriff to seize and sell the property of the tutrix and co-tutor, and to pay the funds thus obtained to the under-tutor. The latter being clearly unauthorized to receive and administer those funds, would have had to hand them over to the tutrix and co-tutor, who were alone competent to receive them. Thus, the money made on the minor's execution would return into the hands of the very persons out of whose property it was levied. If the whole amount of the judgment was obtained in the same way, the result would be to convert into specie in the hands of the tutor, all the property on which the minor had a legal mortgage, and thus deprive him of the security provided for him by law. A proceeding which would lead to such preposterous consequences, cannot receive our sanction. The tacit mortgage of a minor can be enforced against a tutor, only at the termination of his functions, in one of the modes provided for by law. If the minor, or his legal representative, does not then find in the possession of the tutor property sufficient to satisfy his claim, in consequence of sales made by the tutor, or

of executions levied on his property, his tacit mortgage may be enforced against the purchasers in the order pointed out by art. 715, of the Code of Practice. Under this view of the case, it becomes unnecessary to examine several other questions presented by the record. If the execution was unlawfully issued, every thing done under it is null and void.

We have been requested to increase the damages awarded by the court below on the dissolution of the injunction ; but this we cannot do, as no amendment has been prayed for by the appellee as required by arts. 888, 889, 890, of the Code of Practice.

*Judgment affirmed.*