Taeiaeerro, J.
In February, 1861, the jilaintiff, by executory process, caused six slaves belonging to defendant to be seized, and sold for the payment of a debt of $2,000, with interest, due him by defendant. The opponents aver, that in right of their deceased mother, former wife of defendant, they have a legal mortgage on his property, arising from his having appropriated to his own use and benefit a large sum of money, the proceeds of sale of a plantation, which was the separate property of their mother. The defendant is the father of the opponents, and was formerly their tutor. They set outin their opposition the specific amount and character of their several claims, pray judgment against the defendant for the same, and that the proceeds of the sale of the mortgaged slaves be applied to the payment of these claims.
. The plaintiff answered, deuying all the allegations of the opponents’ petition, and afterwards filed a peremptory exception to the right of the opponent to proceed in this case, on the ground that the claim they set up is unliquidated. The exception was sustained, and the opposition dismissed. The opponents thereupon appealed.
Having a general mortgage, the opponents could not have recourse upon property of their tutor specially mortgaged, if the tutor had other property subject to the general mortgage sufficient to discharge it. C. F., Art. 403.
An unliquidated mortgage of a minor does not prevent a sale of the property by the owner’s judgment creditor. 13 An. 508. 12 An. 361. same page 71, O. P. 715. 6 Rob. 51.
If their legal mortgage, as these opponents allege, have superiority of rank, and priority of date to the plaintiff’s special mortgage, the property seized would pass to the purchaser, subject to the legal mortgage on the condition expressed, and their right to pursue it by the hypothecary action would remain unimpaired. That right was reserved to the opponents by the judgment of the lower Court. But, events that have arisen since the rendition of the judgment, have annulled and destroyed their former right of mortgage, so far as it rested upon the then slaves of their tutor, and they are now left to such other recourse against him as may still exist.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, so far as it sustains the exception, and dismisses the opposition ; and that it be annulled, avoided and reversed, in all other respects, reserving to the opponents all legal rights they may have to enforce their legal claims, if any against the defendant, their former tutor. The opponents and appellants paying costs in both courts.