No. 2045.—SAMUEL LEE *v.* J. F. GOODRICH, Tutor, et als.

Where a mandate has issued from the Supreme Court at the instance of one of the parties, to the clerk of the District Court, to amend his certificate so as to conform to the fact and show that all the evidence adduced on the trial is not contained in the record, and the clerk answers that he is not aware that other evidence than that embraced in the note of evidence and included in his certificate was offered, the appeal will not be dismissed. The appeal will not be dismissed for want of citation where the appellee appears and urges other grounds for dismissal before that of want of citation.

Where a debt has been contracted against an estate for supplies furnished, bills paid, etc., by the commission merchant, and a partition of the estate is afterward made among the forced heirs without providing for the debt, suit may be brought by the creditor against the heirs, jointly at the domicile of the succession. The allegation in the petition that some of the heirs named reside in other parishes than that where the suit is brought will not give rise to the exception of domicile.

APPEAL from the District Court parish of Tensas. *Hough,* J. *Farrar & Reeves,* for plaintiff and appellee. *Aroni, Leech & Lewis,* for defendants and appellants.

HOWELL, J. This case was submitted on the motion to dismiss, and the merits, with the plea of prescription, filed in this court. On the application of plaintiff's counsel a mandate was issued, under the provisions of articles 898 and 899 C. P., to the clerk of the lower court, to amend his certificate so as to conform to the fact and show that all the evidence adduced on the trial is not contained in the record. In answer to this order the clerk certifies that on the second trial of this cause, the attorneys of the defendants withdrew in open court, and declined acting further in the suit, and plaintiff alone was represented by counsel, who required no note of evidence to be taken, and that it is not within the clerk's knowledge that any more evidence was introduced than is contained in the transcript of appeal, and which comprises the documents introduced and the note of evidence taken at the first trial.

With this showing and the certificate affixed to the transcript before us, we are not authorized in concluding that all the evidence has not been brought up, and dismissing the appeal for such cause and the alleged want of a note of evidence. The informality of citing the attorneys of the appellee (the third ground of dismissal) is caused by the appellee's making appearance and urging other grounds for dismissal before that of a want of citation.

The motion to dismiss should be overruled.

Two of the defendants excepted to the jurisdiction of the court, being described in the petition and sued as residents of other parishes, after the partition of the succession against which the claim in suit originated. Such a suit is expressly authorized by the thirteenth section of the act of 1828, page 156, which we are not aware has been repealed. The exception was properly disregarded.

We are of opinion, however, that under the circumstances justice re-

quires the cause to be remanded to enable the parties to present their rights more satisfactorily, and offer evidence on the plea of prescription.  It is evident that the defendants had not the aid of counsel on the trial below, and the judgment seems to be erroneous in including eight per cent. interest from March 23, 1861, to January, 1866, as part of the principal and legal interest on the total from the latter date.  Conventional interest must be fixed *in writing*.  C. C. 2895.  The custom of merchants cannot change this law.

Interest upon interest cannot be recovered unless it be added to the principal, and *by another contract made a new debt*.  No stipulation to that effect in the original contract is valid.  C. C. 1931.  The evidence does not enable us to regulate and allow the interest on the several and successive annual accounts according to these principles of law, admitting the correctness of the claim to be otherwise proven.

It is therefore ordered that the judgment appealed from be reversed, and this cause remanded to the lower court to be proceeded in according to law.  Costs of appeal to be paid by plaintiff and appellee.