The opinion of the court was delivered by
Breaux, J.
The purchaser of a city lot and the improvements thereon appeals from a judgment condemning him to accept the title tendered.
The purchaser admits that he bought at public adjudication, but refuses to accept title on the ground that the property was vested in the children of Mrs. Harriet A. Lange as to one-half, and that the other half was burdened with a general mortgage, resulting from her qualification as tutrix.
James Wilson acquired the property on 31st of October, 1871, andied a short time after that date.
His succession was opened and Mrs. Harriet A. Wilson, his widow, was placed in possession of the property as owner of the undivided half and her children of the other half.
At a date subsequent on her petition a family meeting was held.
They, the family meeting, fixed the value of the property, assisted *1019 .by the report of experts, and recommended a private sale to effect a partition.
The proceedings of the family meeting were approved by a judgment of the court. Mrs. Harriet A. Johnson, in her individual capacity, and acting also as tutrix of her minor children, under authority ,of this judgment, sold the property at private sale to Mrs. Mary Renturia. In 1880 Mrs. Renturia sold it to Mrs. Ellen Markey,' widow of John Johnson.
After the death of Mrs. Harriet A. Johnson, who was the wife of Lange at the time of her death, Mrs. Ellen Markey, widow of John Johnson, signed a deed containing the following declaration:
“That though said purchase was made in her name, that said property then and always has belonged to Mrs. Harriet Augusta Johnson, then the widow of James Wilson and afterward wife of Henry J. Lange, and that this appearer never had any interest in, or claims to, on or against said property, but the title thereto was simply placed in her name as a matter of convenience.”
THE DECLARATIONS CONTAINED IN THE DEED OE ACKNOWLEDGMENT DO NOT AEEECT THE PRECEDING TITLE.
The title passed regularly from Mrs. Harriet A. Wilson (formerly Mrs. Johnson and subsequently Mrs. Lange) personally and as tutrix to Mrs. Renturia.
The records do not disclose any irregularity in the title from the former to the latter. It was absolutely the property she sold to Mrs. John Johnson. This authentic deed of her agent was dated the 80th of September, 1880, transferring the property. Mrs. John Johnson, for reasons not explained, in 1890, after the death of Mrs. Harriet A. Lange, placed a title of record recognizing the ownership as being in her succession.
Counsel for the defendant in rule argues that the acknowledgment of Mrs. John Johnson had the effect of reinvesting the minors with the ownership of half of the property.
Her declarations, in her deed to the succession, of themselves, without any other fact or circumstance going to show simulation and fraud in the proceedings preceding the title of Mrs. Renturia, did not have the effect of clouding the latter’s title to the property.
She, Mrs. Renturia, paid for it a full and fair consideration and sold it for a clearly expressed amount.
*1020 During ten years Mrs. Renturia was the unquestioned owner of the property.
It does not appear that her vendee had any right on the property.
She, Mrs. Renturia, was a stranger to the declaration her vendee chose to make.
Those declarations bind Mrs. John Johnson, but they have not the effect of ‘ destroying the right of her vendor, Mrs. Renturia, the former owner.
The property in the soil was in her name, and that fact must continue unaffected by any ex parte, unexplained declarations of her vendee.
The title, by the acknowledgment of Mrs. Johnson, having passed to the succession of Mrs. Harriet A. Lange, it was subject to sale for the payment of the debts of the succession.
Her heirs, the Wilson children, have no interest in the property. It was owned exclusively by the succession.
The administrator applied to sell this property to pay the debts.
The adjudicatee (defendant and appellee) has acquired title under the adjudication of property of the succession.
The property is considered as belonging to the succession and not to the minors. State vs. Judge, 17 L. 500; Succession of Ira Smith, 9 An. 107; Succession of Fluker, 32 An. 292; Towle vs. Weeks, 7 L. 312.
THE SECURITY THE TUTOR SHOULD FURNISH.
For his protection as owner as well as for the protection of the minors, we have considered all the proceedings, and to the end that the protection be complete, we notice exproprio motu, the insufficiency of the tutor’s security, in order that proper remedy may be applied.
From the records we glean that the administrator, who applied for this rule, and who is also the tutor of James Wilson’s minor children, has not, in so far as appears on the face of the papers, furnished bond as tutor in the amount required.
It was made evident in these proceedings that it was to the interest of all concerned to sell the property.
The adjudication will now be followed by a deed and the payment of the price.
Having thus affirmed the validity of the title, we feel compelled to state that the tutor must comply with the law regarding security he should furnish, before he can be permitted to receive the amount of *1021 the sale due by the adjudicatee. The tutor, in the first place, executed a tutor’s bond in the sum of one thousand dollars. This was not sufficient if the record is taken as a basis.
Subsequently he furnished a special mortgage in lieu of this bond.
The property mortgaged was appraised at two thousand five hundred dollars, being twenty-five per cent, more, it is alleged, than the amount to which these minors are entitled.
The inventories made and the facts appearing of record are proof that the security (in the present condition of affairs and the unsettled state of the rights of the minors) is not in amount twenty-five per cent, over and above their claims.
The price of the property adjudicated to the plaintiff in rule, in this case, is four thousand nine hundred and fifty dollars.
Of this amount, possibly the minors own half.
There is other property in which they have at least a residuary interest. It may be that there are debts to be deducted which will reduce their claims. Of this we have no evidence before us.
Until a satisfactory showing is made, and such security is given as will prove acceptable to the District Court, the purchase price of the property involved in this case must remain in the immediate control of that court.
We know that our learned brother of that court will bring to bear thoughtful and wise discretion to amply protect these minors.
The title in this case is not dependent upon the sufficiency of the security offered to protect the minors, for another remedy lies for the protection of the minors.
But the law is always zealous for the protection of the interests of minors, and courts are not inclined to withhold their equity powers when needful in their behalf.
In rendering judgments, conditions may be included as may be equitable to shield them, and at the same time protect those who become owners of property in which they have a residuary interest from other litigation.
The many decisions classed under the head notes “ Conditions of Judgment” and “Equity” by Mr. Hennen, in his digest, establish broad grounds in support of equitable principles.
They support the correctness of our conclusion in this case, in requiring ex officio that the tutor shall furnish additional security *1022 if further statements prove that the facts regarding amounts due them are as appear at this time in the record of appeal.
It is therefore ordered, adjudged and decreed that the judgment appealed from be and the same is hereby affirmed, and it is further ordered that the minors’ rights be protected by inquiry in the matter of the tutor’s security, in accordance with previously expressed views, and that appellee pay the costs of appeal.