(61 South. 155.)

No. 19,121.

## COMMERCIAL NAT. BANK v. SANDERS et al.

(Feb. 3, 1913.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR (§ 434*)—GENERAL OR SPECIAL APPEARANCE—MOTION TO DISMISS APPEAL.

Where appellee moves to dismiss an appeal on the ground of defective citation and prescription, the motion will be denied on the first ground because of the appearance of the appellee pleading prescription. Nicholson v. Jennings, 27 La. Ann. 432; Succession of Baumgarden, 35 La. Ann. 127; Jones v. Shreveport, 28 La. Ann. 835; Foute v. City of New Orleans, 20 La. Ann. 22; Lee v. Goodrich, 21 La. Ann. 278.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2183; Dec. Dig. § 434.*]

2. APPEAL AND ERROR (§ 351*)—TIME FOR TAKING PROCEEDINGS—DISMISSAL.

An appeal will not be dismissed where the petition for an appeal and the bond of appeal were filed within the year following the rendition of the judgment. Boutte v. Boutte, 30 La. Ann. 181; Dewez v. Orleans Railroad Co., 115 La. 432, 39 South. 433.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1915–1919; Dec. Dig. § 351.*]

3. PLEADING (§ 228*) — EXCEPTIONS — No RIGHT OF ACTION.

The exception of no right of action which goes to the merits of the cause, and is not aimed at the right of plaintiff to stand in judgment, should be overruled, and defendant ordered to answer. Articles 463, 533, 535, Code of Practice; Hazard v. Boykin, 8 Rob. 254;

Stilley v. Stilley, 20 La. Ann. 53; Lea v. Terry, 20 La. Ann. 428.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584–590; Dec. Dig. § 228.*]

Appeal from Second Judicial District Court, Parish of Vernon; Don E. So Relle, Judge.

Action by the Commercial National Bank against W. J. Sanders and others. From a judgment for defendants, plaintiff appeals. Dismissed as to defendant W. J. Sanders, and judgment reversed as to the other defendants, and cause remanded.

Alexander & Wilkinson, of Shreveport, and Sidney I. Foster, of Leesville, for appellant. Monk & O'Neal, of Leesville, for appellees.

SOMMERVILLE, J. Plaintiff sues Thomas A. Craft, John W. Williams, O. L. Lee, residents of Vernon parish, James Durham, and W. J. Sanders, residents of Calcasieu parish, as indorsers on a certain promissory note held by it. Durham and Sanders excepted, to the jurisdiction of the court, and their exceptions were sustained. There was no appeal applied for as to these two defendants. Nevertheless citation of appeal was served on Sanders, and he is mentioned in the bond of appeal. As his name was not mentioned in the motion for appeal, and as more than 12 months have elapsed after judgment in his favor was rendered and signed, the appeal will be dismissed as to him.

[1] Two of the defendants, O. L. Lee and Thomas A. Craft, move to dismiss the appeal on the grounds:

"First, that more than 12 months had elapsed since the rendition of the judgment of the honorable district court, and no appeal was taken; second, that no citation of appeal has been served on them or either of them."

The first ground in appellees' motion is an appearance, and they cannot therefore be heard on the second ground, the want of citation. In Nicholson v. Jennings, 27 La. Ann. 432, we say:

"In this court the defendant pleads defective citation and prescription. The pleas are inconsistent. Pleading prescription is an appearance."

And again in the Succession of Mrs. Baumgarden, 35 La. Ann. 127:

"After appearance by appellee it is too late to complain of want of citation. This is a self-evident proposition, needing no argument in its support." Jones v. Shreveport, 28 La. Ann. 835; Lee v. Goodrich, 21 La. Ann. 278; Foute v. New Orleans, 20 La. Ann. 22.

[2] Second. The allegation that more than 12 months had elapsed since the rendition of the judgment of the district court before an appeal was applied for and granted is not borne out by the record. The judgment was rendered October 4, 1910, and signed October 2, 1911, as of date October 4, 1910. The petition and bond of appeal were filed October 2, 1911, and the order granting same was issued on the same day, within one year from the date of the rendition of the judgment, and the transcript of appeal was filed in this court on October 3, 1911. The appeal was therefore in time; and the motion to dismiss it is denied.

On the Merits.

[3] The defendants now before the court filed several exceptions. The first was that the petition disclosed no cause of action, which was overruled. And the second was: "Plaintiff has no right of action against respondents."

There were other exceptions, but these two were the only ones disposed of; and the ruling on the second is now before us for review. In sustaining the exception of no right of action the court says:

"The law and the evidence being in favor of defendants and against the plaintiff, be, and it is hereby ordered, adjudged and decreed that the exception of no right of action be and the same is hereby sustained, and the plaintiff's suit is dismissed at his cost."

On the trial of the exception under consideration, plaintiff moved that said excep-

tion be referred to the merits, which motion was denied. It then objected to all evidence which went to the merits of the case, and this objection was overruled. We have examined the evidence in the record, which goes entirely to the merits of the cause. The objection to receiving the evidence should have been sustained. Defendants did not offer any evidence going to show that the plaintiff was not the present holder and owner of the notes sued upon, or that it had no authority to sue and stand in judgment, or that it had no right of action; the exception should have been overruled. The filing by defendants of exceptions of no right of action in the plaintiff does not entitle defendants to have their case heard upon the merits. Plaintiff is entitled to have defendants file answers, putting at issue the allegations contained in its petition before it can be called upon to try the case on the merits. Code of Practice, arts. 463, 533, 535; Hazard v. Boykin, 8 Rob. 254; Lea v. Terry, 20 La. Ann. 428; Stilley v. Stilley, 20 La. Ann. 53.

It is therefore ordered, adjudged, and decreed that the appeal herein is dismissed in so far as W. J. Sanders is concerned.

It is further ordered, adjudged, and decreed that the judgment appealed from is reversed as to the other appellees, and the case is remanded to be proceeded with in accordance with law; costs of appeal to be paid by appellees, Craft, Williams, and Lee.