(81 South. 879)

No. 22140.

FRIEDLANDER v. FRIEDMAN.

(Oct. 16, 1916. On the Merits, May 5, 1919.)

*(Syllabus by the Court.)*

On Motion to Dismiss.

1. TIME ⬅➡9(8)—DEVOLUTIVE APPEAL—COMPUTATION.

In computing the year in which a devolutive appeal may be taken from a final judgment, the day on which it was signed must be excluded.

*(Additional Syllabus by Editorial Staff.)*

On the Merits.

2. GUARDIAN AND WARD ⬅➡99—TUTORSHIP—WARD'S INTEREST IN LAND—PURCHASE OF LAND BY UNDERTUTOR.

An undertutor is not legally incapable of buying the property of the succession in which his ward is interested as heir.

3. EXECUTORS AND ADMINISTRATORS ⬅➡365—HUSBAND AND WIFE ⬅➡276(6)—SUCCESSION—SALE OF PROPERTY OF SUCCESSION—PURCHASE BY ADMINISTRATRIX.

An administratrix is not necessarily incapable of buying the property of the succession she is administering, but may validly do so if the succession is that of her husband, and she is survivor in community, in view of Civ. Code, art. 1146.

Appeal from Twenty-Eighth Judicial District Court, Parish of St. Charles; Prentice E. Edrington, Judge.

Petitory action, etc., by Samuel J. Friedlander against Mrs. Rosie Friedman, wife of Charles E. Alexander. Exception of no cause of action sustained, and action dismissed, and plaintiff appeals. Motion to dismiss appeal overruled, and judgment affirmed.

Harry L. Garland, of Opelousas, for appellant.

L. Robert Rivarde, of Hahnville, for appellee.

On Motion to Dismiss.

LAND, J. This is a petitory action to recover a five-sixteenths undivided interest in certain tracts of land in the possession of the defendant and the sum of $2,250 rents and revenues, coupled with an action to annul certain sales of land under which the said defendant claims title.

Defendant appeared by counsel and excepted that she had not been properly cited, and then filed an exception of no legal right or cause of action, coupled with an alternative plea of prescription of one, two, three, five, and ten years.

There was judgment in favor of defendant maintaining the exception of no cause or

right. of action, and dismissing plaintiff's suit with costs.

This judgment was signed in open court on June 7, 1915.

[1] On June 7, 1916, the plaintiff filed a petition for and obtained an order of appeal, returnable to the Supreme Court on or before the fourth Monday of July, 1916. The bond of appeal was filed on June 7, 1916, and on the same day citation of appeal issued and was served on the defendant and appellee, who has filed a motion in this court to dismiss said appeal on the ground:

"That the petition and bond for an appeal was not filed with the clerk of the Twenty-Eighth judicial district court of the parish of St. Charles within the 12 months as the law requires."

Counsel on neither side have cited any authorities, but the court finds that in Commercial Bank v. Sanders, 132 La. 174, 61 South. 155, on an identical state of facts, it was held that the appeal would not be dismissed where it was taken within the year following the rendition of the judgment.

Besides the authorities cited in the syllabus in that case, see Tupery v. Edmondson, 29 La. Ann. 850, citing State ex rel. Mercier v. Judge, 29 La. Ann. 224.

Motion to dismiss overruled.

On the Merits.

PROVOSTY, J. [2, 3] The real estate in suit was adjudicated at the succession sale of Joseph Friedman to one Reichenburg. He sold it to Mrs. Friedman, widow of the decedent, Joseph Friedman. Mrs. Friedman sold it to the author in title of defendant. Plaintiff alleges that the said succession sale was null: First, because Reichenburg was merely a person interposed for Mrs. Friedman, who was the real adjudicatee, and was incapable of buying, as she was the administratrix of the succession; and secondly, because Reichenburg himself was incapable of buying, as he was undertutor to one of the children and heirs of the deceased, Friedman.

An exception of no cause of action was sustained below, and properly, since an undertutor is not legally incapable of buying the property of the succession in which his ward is interested as heir (Smith v. Krause, 125 La. 703, 51 South. 693); and an administratrix is not necessarily incapable of buying the property of the succession she is administering, but may validly do so if the succession is that of her husband, and she is survivor in community (C. C. art. 1146; Linman v. Riggins, 40 La. Ann. 761, 5 South. 49, 8 Am. St. Rep. 549; Davidson v. Davidson, 28 La. Ann. 269), and plaintiff has not alleged that Mrs. Friedman was not survivor in community. Although Reichenburg was undertutor, therefore, and although Mrs. Friedman was administratrix, the succession sale in question may have been perfectly valid; hence the petition does not show a cause of action.

Judgment affirmed.