HARDY, Judge.
This is a suit by plaintiff, a creditor of Thomas L. Vann, deceased, in the amount of $849.68, naming as defendants Thomas L. Vann, Jr., surviving son and sole heir of the decedent, and Calvin J. Dupont, purchaser of certain real estate, belonging to the succession of the decedent, by conveyance from the defendant, Vann. Plaintiff prayed for an - inventory of the property belonging to the decedent; for judgment against the succession of said decedent recognizing plaintiff as a creditor of said succession in the amount set forth; for judgment decreeing a separation of the property of the succession from that of the heir and ordering petitioner’s claim paid out of the effects of the succession by preference to the claims of creditors of the heir and of Dupont, transferee of the property; alternatively, for recognition and reservation of its right to pursue its claims against the heir; and, finally, for judgment decreeing the sale of property from defendant, Vann, to the defendant, Dupont, to be null and void insofar as it might affect plaintiff’s rights as a creditor of the succession of the decedent.
Plaintiff filed an amended petition alleging that the defendant, Vann, had left the State of Louisiana and praying for the appointment of a curator ad hoc, which prayer was allowed and a curator appointed. The defendant, Dupont, filed an exception *833 of misjoinder and nonjoinder - of parties defendant, an exception of no cause and no right of action, a plea of prescription, and, finally, an answer in the nature of a general denial.
Some months subsequent to the filing of the above noted pleadings by defendant, Dupont, plaintiff filed a supplemental petition against the defendant, Vann, alleging said defendant to be residing in St. Landry Parish; praying for citation and service, the issuance of writs of attachment and garnishment, and for judgment against said defendant in the full sum of $849.68 with interest, costs, etc., and recognition of plaintiff’s lien and privilege on any property seized as belonging to said defendant. Writs of attachment were issued and, subsequently, alias writs were issued, and an automobile belonging to defendant, Vann, was seized thereunder.
Defendant, Dupont, filed a call in warranty against his vendor, Thomas L. Vann, Jr-
Default was entered and confirmed against defendant, Vann, and judgment rendered and signed in favor of plaintiff in the amount claimed, recognizing plaintiff’s lien and privilege on the seized automobile. This judgment reserved plaintiff’s rights as to “the other demands” against defendant, Vann, and his co-defendant, Dupont.
The minutes of court of date December 3, 1954, record:
“Exception of no cause and no right of action taken up, evidence adduced, argued and memo briefs submitted.”
The record contains the transcript of testimony, which bears the prefatory notation:
“Testimony taken on trial of exception of no right of action.”
Counsel for plaintiff objected to the taking of any testimony on the trial of the exception, and further objected on the ground that the taking of evidence was improper and should be admitted, if at all, only on trial of the case on the merits. These objections were overruled.
On May 13, 1955, Honorable Francis J. Gremillion, Judge of the Twelfth Judicial District Court, rendered a written opinion and, pursuant thereto, signed judgment on May 17, 1955, maintaining an exception of no right of action, no cause of action and nonjoinder, and dismissing plaintiff’s suit against the defendant, Calvin J. Dupont. From this judgment plaintiff appeals.
The facts which are concerned in the instant case are undisputed. Thomas L. Vann died intestate in the Parish of Avoy-elles on December 19, 1953. The succession of the decedent was opened by Thomas L. Vann, Jr., the only son and heir, and on January 25, 1954, having unconditionally accepted the succession, he was recognized as the sole heir of the decedent and sent into possession of all property belonging to the Succession. Following the rendition of this judgment in the matter of the succession of his deceased father, and on the same date, January 25, 1954, T. L. Vann, Jr., executed a deed of conveyance covering certain property situated in the Town of Bunkie, Avoyelles Parish, which had' belonged to the succession of his father, to C. J. Dupont, for a recited cash consideration of $3,250. Plaintiff. instituted, this suit, as an ordinary creditor of decedent, on March 26, 1954.
This is a suit for the separation of patrimony and therefore is governed by the provisions of Articles 1444 — 1446, inclusive, of the LSA-Civil Code, comprising Section 4, Chapter 13, Title I of Book III.
Plaintiff-appellant argues a number of errors with respect to the judgment of the district court on the following grounds:
(1) In overruling plaintiff-appellant’s objection to the admission of evidence on trial of the exception of no cause of action. •'
(2) In the admission and use of evidence in the consideration of a purported exception of no right of action, which, in reality, was an exception of no cause of action.
(3) In sustaining the exception of non-joinder on the ground that the creditors *834 of an heir must be joined as parties defendant under the provisions of Civil Code Articles, 1444, et seq.
On the basis of these allegations of error and the detailed development thereof, plaintiff-appellant strenuously contends that it has been deprived of a trial on the merits, to which it is entitled.
By way of preface to our discussion of the issues raised, we observe that this case, in our opinion, constitutes a classic illustration of the awkward and misleading dichotomous pleading which has been developed and permitted under the various uncertain and indefinite denominations of “the exception of no right and no cause of action” or “the exception of no no right or no cause of action,” and numerous variants of the quoted phrasing. It seems to be a somewhat well established practice to plead this nature of double-bar-relled exception even in cases where one of the stated grounds is clearly inappropriate and inapplicable, and, in all probability, many times in instances where neither ground is justified.
We proceed to a consideration of appellant’s specifications of error. It is too well established to require more than passing observation that the exception of no cause of action does not admit of the taking of evidence, hut must be decided upon the face of the petition by the resolution of the alleged facts in the light of the principles of law which are applicable thereto.
It therefore follows that if the exception of no cause and no right of action which was interposed on behalf of the defendant, Dupont, is to be considered in reality as constituting only an exception of no cause of action, the admission of evidence constituted error.
This leads us to the necessary examination of defendant’s pleading as constituting an exception of no right of action, for it is also well established by our jurisprudence that evidence may be, and in most instances must be, adduced in order to justify a conclusion as to the validity of such exception.
Concededly, both defendant’s cause and right of action in the instant case are governed by the codal provisions relating to what is called the separation of patrimony, and we turn to an examination thereof in search of guidance to the resolution of the proposition urged.
Article 1444 of the LSA-Civil Code not only defines separation of patrimony but specifically provides the parties by whom and against whom such action may be taken:
“The creditors of the succession may demand, in every case and against every creditor of the heir, a separation of the property of the succession from that of the heir. This is what is called the separation of patrimony.”
Article 1445 plainly declares the purpose of the action in the following words:
“The object of a separation of patrimony is to prevent property, out of which a particular class of creditors have a right to be paid, from being confounded with other property, and by that means made liable to the debts of another class of creditors.”
The effect of the action is declared in Article 1446:
“The effect of this demand, on the part of the creditors of a succession, is to cause them to be paid from the effects of the succession in preference to the creditors of the heir.”
We are at a loss to conceive how the action of separation of patrimony could be more simply and understandably regulated than by the pronouncements of the above quoted articles. In our opinion the only possibility of encountering difficulty in construction would derive from the tendency to read into the plain provisions of the articles some unnecessary and unintended purpose which might be assumed to have influenced the thinking of the redactors of the Code. Applying the facts of the instant case to the plain provisions *835 of the articles set forth, we think it evident that there can be no question as to the right of this plaintiff to have instituted this action for the separation of patrimony. But we think it equally clear that this right in turn must be exercised against the creditors of the heir and it therefore follows that unless creditors, whether one or more, of the heirs are made parties, plaintiff is without right to maintain the demand for a separation of patrimony. Distinguished counsel for plaintiff earnestly and persuasively argues that this requirement goes to the cause rather than the right of plaintiff’s action. The acceptance of this position, of course, would necessitate the reversal of the judgment dismissing plaintiff’s demands against the defendant, Dupont, which judgment can only be sustained under the evidence adduced on trial of the exception. Since, as we have above noted, the taking of evidence on the exception of no cause of action is not permitted, it would be necessary to relegate defendant to a trial on the merits.
Counsel further argues that an exception of no right of action touches only the question of the capacity of plaintiff to institute and maintain the action. With this argument we do not believe we are prepared to concur.
 We have considered with sincere interest and admiration the scholarly development of this conclusion by Professor Henry George McMahon in his work on Louisiana Practice, Volume 1, page 457, et seq., which was further meticulously considered by the same author in 11 T.L.R. 527. We are in complete accord with Professor McMahon’s conclusion that the exception of no right of action as employed in Louisiana Practice is identical in purpose with the exception of want of interest. If it be considered that the testing of the capacity and interest of plaintiff is the only objective, then it follows, in the instant case, that the exception was improperly sustained, for, as we have above pointed out, it is clear that plaintiff as a creditor of the decedent’s succession is clothed with both the capacity and interest to demand a separation of patrimony under the specific provisions of LSA-Civil Code Article 1444.
However, reverting to Professor McMahon’s erudite discussion, we are impressed with his tracing of the genealogy of the exception back to the exception libelli ob-scuri, generalis et inepti, on which he comments as follows:
“At the very threshold of this task, however, the writer finds himself forced to make the admission that he cannot distinguish the exception of no right of action from that of want of interest. Both appear to him to perform exactly the same function, both appear to be peremptory exceptions relating to law, and both appear to operate in modern Louisiana procedure in exactly the same manner. The exception of no right of action appears to the writer to be that of want of interest under a new guise.
“Similarly to the exception of want of interest, the exception of no right of action appears to have had its analogue in civil law procedure. Thus, one of the fomctions of the exception libelli obscuri, generalis et inepti of Romano-canonical law was to challenge the plaintiff’s right of action against the defendant. But when we turn to French civil procedure of the early nineteenth century, we cannot find the exception libelli obscuri, generalis et inepti, although we do find the per-emptor exception as to form, one of whose functions was to challenge the lack of interest or quality of the plaintiff. On this point Professor Millar observes that ‘the French procedure came to speak here of peremptory exception to the form, but this was merely the ex-ceptio libelli obscuri, generalis et inepti under a new classification.’ Spanish procedure of the latter eighteenth century retained the Romano-canonical exception in question as the exception libelo inepto, ’u obscuro, but there is some doubt as to whether it had not yielded the particular function in question to the exception tua *836 non interest, retaining only its primary function of complaining of the generality or obscurity of allegations in the petition.’
"Turning now to Louisiana law, no case was found which attempted either to reconcile or to differentiate the functions of the two exceptions in question. In at least three cases the exception of no right of action has been' employed to challenge specifically the plaintiff’s interest in the litigation; and in'all of the cases where the exception of no right of action has been used, it would appear that the identical issue of law could have been raised Ihrough the exception of want of interest. Two rather noteworthy facts are to be observed from a close examination of the cases. The first is that while the exception of want of interest is to be found established in our procedure quite early in the legal history of the State, that of no right of action is, relatively speaking, a parvenu. The second is that while we find the former lapsing into obsolescence, a tremendous increase in the use of the latter is associated with the advent of the present decade.” (Emphasis supplied).
We are impressed with the belief that the exception of no right of action not only calls into question the capacity and interest of the plaintiff but should also be considered as raising the question of the right of plaintiff to assert his demand against a particular defendant. The use, in modern practice and pleading, of the exception of no right of action as a’ substitute for the exception of want of interest does not, per se, logically support the restriction of the exception to this sole purpose. The point was tendered for the consideration of our brethren of the Orleans Court in the case of Duplain v. Wiltz, La.App., 174 So. 652, 655.
In the cited case plaintiff, as tenant of certain premises located in the City of New Orleans, brought suit against defendant, as the alleged owner of the property, for damages resulting from an accidental fall sustained on the occupied premises. Defendant interposed an exception of no right of action based upon* the contention that she was not the owner of the property upon which the plaintiff sustained her injury. The majority opinion, written by Mr. Justice McCaleb, then a member of the Orleans Court of Appeal, expressed the determination of this point in the following language:
"This question is purely one of fact and does not militate against plaintiff’s legal right to maintain the action. If, on the trial of the merits of the case, it is decreed that, as a matter of fact, the defendant is not the owner of the premises, and therefore not responsible for the injuries resulting from its vices and defects, such finding will not be destnictive of plaintiff’s inherent right to sue the defendant, but will serve to show that the plaintiff was without justification or cause to enforce her right against the defendant. In other words, we think that there is a vast difference between the right of action, to which plaintiff is entitled as a matter of law, and the resultant liability vel non of the person against whom she causes this right to be asserted. The right to sue is conferred either by statute or the jurisprudence, whereas the cause to sue is legally determined after investigation of the facts presented. Here, the real challenge is not made to plaintiff’s right to sue but is truly aimed against the legal lack of cause or reason for the action. “As was said by the Supreme Court in Commercial Nat. Bank v. Sanders, et al., 132 La. 174, 61 So. 155, 156, in reversing the action of the lower court in allowing the defendants to introduce evidence to controvert the allegations of the petition on the trial of an exception of no right of action: ‘Defendants did not offer any evidence going to show that the plaintiff was not the present holder and owner of the note sued upon, or that it had no authority to sue and stand in judgment, *837 or that it had no right of action; the exception should have been overruled.’

“Hence, it is our view that the exception filed by the plaintiff is not really an exception of no right of action but an exception of no cause of action.”

The opposed view was asserted by Judge Janvier in a dissenting opinion, from which we quote:
“I cannot concur in the view that the exception of no right of action may be availed of only where there is involved the question of the right of the plaintiff to assert the cause of action because I feel that, where it is contended that a cause of action which admittedly exists may not be asserted against a particular defendant, the exception of no right of action is equally available. The exception of no right of action is afforded by the Code of Practice to a defendant as a means of challenging preliminarily either the right of the plaintiff to assert the cause of action against any one or the right of any one to assert the cause of action against the defendant.
“In either case the question of whether a ‘cause’ of action is stated is not raised, but there is put at issue the status of the plaintiff toward the ccmse of action, or the status of the cause of action toward the defendant. If a plaintiff sues as widow and asserts a cause of action which a widow may not assert, for instance, under the Federal Employers’ Liability Act (45 U.S.C.A. §§ 51-59), she shows herself to be without ‘right’ of action because only the personal representative of the deceased and not the widow may sue in such case. La Casse v. New Orleans, T. & M. R. Co., 135 La. 129, 64 So. 1012; Penny v. New Orleans G. N. R. Co., 135 La. 692, 66 So. 313. Similarly, if a plaintiff admittedly with a right to sue and admittedly with a cause of action to sue the administra-trix of an estate sues the widow of the' deceased, she is without right to sue thé widow, though she may háve a perfectly good cause of action against the administratrix. The -exception of no ‘r-ight’ of action in such situation is, I think, available.
“Mr. McMahon, in his interesting and exhaustive study of the exception of no cause of action (Tulane Law Review, vol. IX, p. 17), has this to say concerning the distinction between the exception of no ‘cause’ of action and the exception of no ‘right’ of action: ‘From the foregoing illustrations we may .readily discern the distinction in the respective functions of the exception of no cause of action and that of no right of action. The former is used to raise the issue as to whether the law affords a remedy to anyone for the particular grievance alleged by plaintiff ; the latter is employed (in cases where the law affords a remedy) to raise the question as to whether plaintiff belongs to the particular class in whose exclusive favor the law extends the remedy. * * * ’

"I agree fully with what he has said, but I feel that he has inadvertently failed to notice the situation to which I now direct attention. Had he done so, he would have s.aid that ‘the latter (no “right” of action) is employed (in cases where the law affords a remedy) to raise the question as to whether plaintiff belongs to the particular class in whose exclusive favor the law extends the remedy, or to raise the question as to whether the defendant belongs to the particular class against whom the remedy may be sought.’

* * * * * *
"Article 346 of the Code of Practice was designed to meet just such a situation as is presented here. That article reads as follows: ‘Peremptory exceptions, founded on law, may be pleaded in every stage of the action, previous to the definitive judgment; but they must be pleaded specially, and sufficient time allowed to the adverse party to bring his evidence.’
*838 “Here it is contended that defendant is owner of the premises and that he, by reason of that ownership, is liable to plaintiff. If the relationship of owner does not exist, there can be no recovery. Therefore, as a preliminary question, independent of the issues of fact which are involved in the question of fault, it should be determined whether or not defendant is the owner of the premises. That issue is tendered by the exception of no ‘right’ of action. If the defendant is not owner, there can be no recovery. There should be no necessity, then, to try the case on the merits — to adduce testimony concerning the facts of the accident, the evidence concerning fault of negligence — since, if, as a matter of fact, defendant is not owner, there cannot be recovery.
“Therefore, when defendant, by exception of no right of action, tendered that issue, i. e., the ownership of the premises, she was authorized by article 346 of the Code of Practice to go to trial on that issue as a preliminary matter and the judge of the trial court was justified in admitting evidence on that issue and in dismissing the suit on that issue when the evidence showed that defendant was not the owner of the property.” (Emphasis supplied.)
With the utmost respect we are of the opinion that both Professor McMahon in his discussion and Judge McCaleb in the opinion in the Duplain case quite understandably erred in placing such a narrow stricture upon the intent, purpose and proper use of the exception of no right of action. It would appear that this error, if it be such, resulted from the acceptance of the accustomed use of the pleading to the exclusion of a consideration of the broader purpose. In the Duplain opinion Judge McCaleb referred to
“ * * * plaintiff’s inherent right to sue the defendant * *
While we may go so far as to concede that an individual has an inherent right to assert a cause of action, we cannot conceive that any person possesses an inherent, that is a fixed or inalienable, right, to assert a cause of action, no matter how justifiable, against any defendant.
The first article of the Code of Practice defines an action as follows:
“An action is the right given to every person, to claim judicially what is due or belongs to him.
“Action means also the exercise of that right, that is to say, a judicial demand founded on a contract, or given by law, by which the plaintiff prays that the person against whom he proceeds be ordered to do that which he has bound himself towards him to perform.”
It is abundantly clear from the above definition that an action is a right to assert a cause, and further that an action is the exercise of the right to claim relief from "the person against whom [a plaintiff ] proceeds
A commentator approved the holding of the court in the Duplain case in excluding evidence on the exception, predicating his conclusion upon the necessity for limitations on exceptions which would dispose of issues in advance of trial on the merits. 12 T.L.R. 315, et seq.
With respect to this conclusion, while we think the general liberal principle, now so well established and universally observed by our appellate courts, which discourages the use of highly technical exceptions in favor of permitting trial on the merits is most praiseworthy, we think it equally desirable that litigants be protected against the inconvenience and expense of unnecessary trials on the merits when pertinent exceptions would eliminate the necessity therefor.
We think it cannot be denied that one of the fundamental purposes of a peremptory exception is designed to permit the disposition of litigation without the necessity for trial on the merits. Issues either as to form or substance which are *839 appropriately raised by peremptory exceptions should be disposed in advance of trial in the interest of all of the parties litigant. The use of the exception of no right of action for such purpose should not be circumscribed but, rather, should be encouraged.
The opinion in the Duplain case quoted from the opinion of the Supreme Court in Commercial National Bank v. Sanders, 132 La. 174, 61 So. 155, 156, as follows:
“Defendants did not offer any evidence going to show that the plaintiff was not the present holder and owner of the notes sued upon, or that it had no authority to sue and stand in judgment, or that it had no right of action; the exception should have been overruled.” (Emphasis supplied.)
If, in the contemplation of the court, the exception of no right of action should be confined exclusively to the testing of the capacity and interest of the plaintiff, why did the court use the phrase “ * * * or that it had no right of action”? The preceding clauses of the same sentence had definitely ruled out the questions of lack of interest and capacity to sue on the part of plaintiff, but it is obvious from the wording of the opinion that there still remained other considerations which would have been pertinent under the plea of no right of action.
The propriety of the issue of the exception of no right of action as a special plea even beyond the questioning of the capacity of plaintiff and his right to sue a particular defendant may be considered as having been indirectly sanctioned by our Supreme Court. In the case of Jones v. Shehee-Ford Wagon & Harness Co., Inc., 183 La. 293, 163 So. 129, 131, the opinion observes:
“But the so-called exception of no right of action, in this case, was in fact a special plea that the insurer was not liable because of the alleged breach of the contract of insurance. Hence it was inmmbent upon the Continental Casualty Company to offer proof of the alleged breach of the contract, if the company intended to insist upon the plea. When the plea was submitted without any evidence to support it, the judge had no alternative but to overrule it.” (Emphasis supplied.)
While the above observation is purely obiter, -we question whether the point would have justified any such serious expression unless the court intended some definite purpose in its pronouncement.
In the instant case the evidence adduced on trial of the exception established the fact that the heir had no creditors and therefore the action for the separation of patrimony, which is a demand by creditors of a succession against creditors of the heir, as specifically and plainly declared in Article 1444, would not lie. In other words, plaintiff was without any right to the relief which he sought against this defendant. We say this because that part of plaintiff’s demand which concerns his relief against the defendant, Dupont, seeks judgment delaring the alienation of the property of the succession by the heir to be a nullity. This demand is predicated upon the provisions of Article 1458 of the LSA-Civil Code which reads as follows:
“In the interval between the opening of the succession and the three months allowed for the institution of the suit for the separation of the patrimony, the heir can not alienate, affect nor (or) sell the effects of the succession, nor (or) any of them to the prejudice of the creditors; and if he does it, the creditors may cause the acts to be declared null, as done in fraud of their rights.”
Again, the plain meaning of the wording of the codal article is inescapable. The prohibition against alienation of succession property by an heir during a period of three months following the opening of the succession is allowed only in order to permit the institution of a suit for the separation of patrimony. Since we have held that the instant suit does not comply with the codal requirements governing the institution of a suit for separation of patri *840 mony, it follows that plaintiff cannot claim the relief accorded under Article 1458.
It may be urged that the effect of our conclusion is equivalent to that which would result from the maintenance of an exception of non-joinder. In the instant case, indubitably, this conclusion is correct. But we see nothing injurious in such a concept. If, as Professor McMahon has ably demonstrated in his thorough consideration of the matter, the exception of no right of action, by recent and common practice, has been substituted for the exception of want of capacity, we do not think it can be considered unreasonable that it should also be interpreted as effecting the same purpose as a plea of-nonjoinder. One exception is directly aimed at the capacity and interest of the plaintiff and the other at the plaintiff’s right to join a defendant in a given action. If both can be accomplished, as we think should be the case, by combining both purposes in the exception of no right of action, we think the result would be to add dignity and importance to such pleading.
Plaintiff’s third complaint of error, as first above stated, is based upon the contention that the wording of Article 1444 does not require the suit to be directed against the creditors of the heir. We think this contention has been disposed by our reasons above stated in connection with the requirements of Article 1444. The article appears to us to plainly contemplate the assertion of a demand by succession creditors against the creditors of the heir.
We think the case of Beck v. Beck, La.App., 181 So. 635, is authority for this conclusion. In Rochelle v. Russ, La.App., 54 So.2d 856, we approved the rejection of plaintiff’s demands by way of a separation of patrimony on the ground that the prescribed requirements as to the existence of creditors of the estate and another class of creditors did not exist. It follows that the plea of nonjoinder was properly sustained.
Counsel for plaintiff urgently contends that the purpose of Article 1458 of the Civil Code is aimed at the protection of creditors of a succession against the fraudulent or evasive actions of an heir, citing Succession of Hart, 52 La.Ann. 364, 27 So. 69. The holding in the cited case appears to us to be sound authority for the proposition that creditors are accorded the right to bring action at any time during the period of three months following the unconditional acceptance of a succession by the heirs and to demand security or exact an administration. This holding has no bearing upon the question that is here tendered and the cited case did not pronounce upon the point which has been raised in the instant case.
Counsel for plaintiff-appellant further urges that the denial of plaintiff’s right to maintain his action would result in opening the door to fraud through the unconditional acceptance of a succession by the heirs. We can only answer that the right which plaintiff seeks to assert in the instant suit is only one of a number of rights guaranteed to him, and since it is governed by specific and, so we believe, plain and unambiguous codal requirements, the failure to fulfill such essentials serves to deprive plaintiff of this particular remedy.
We think it unnecessary to discuss other contentions of counsel inasmuch as we consider them to be simply ramifications and enlargements of the principal issues which we have above enumerated.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.